### KISSEL v. LEWIS.

[No. 3,870.    Filed October 1, 1901.]

CONTEMPT.—*Injunction.*—*Special Judge.*—Where a special judge was appointed under §419 Burns 1901 to try an injunction proceeding the case was finally disposed of within the meaning of said section

when the final decree granting a perpetual injunction was render-
ed, and such special judge had no power, without further appoint-
ment, to hear and determine a contempt proceeding for the viola-
tion of the injunction, since the violation of the injunction was an
offense against the court, not the special judge.

From Hamilton Circuit Court; *I. W. Christian,* Special
Judge.

Contempt proceeding by Zimri C. Lewis against Charles
F. Kissel. From a judgment for plaintiff, defendant ap-
peals. *Reversed.*

*J. E. McCullough, F. J. Reinhard, J. O. Spahr, G. Shirts*
and *W. R. Fertig,* for appellant.

*Eli F. Ritter, B. Crane* and *A. B. Anderson,* for appellee.

ROBINSON, J.—It appears from a bill of exceptions that
on March 13, 1899, the regular judge of the Hamilton Cir-
cuit Court appointed Ira W. Christian special judge to try a
certain cause brought by appellee against appellant for in-
junction, and as such special judge, on April 27, 1899, he
rendered a decree perpetually enjoining appellant from
keeping a certain beer-garden and saloon. An appeal was
taken, the appeal bond having been approved by such special
judge prior to May 4, 1899. The bill further recites that
whatever authority, power, or right, if any, Christian has or
had at any time to preside or act as judge of that court is
and was derived exclusively from his appointment as special
judge on the 13th day of March, 1899, and that except as to
such appointment and the oath then taken he has "in no way
up to this time been elected or appointed judge of said court,
special judge thereof, or judge *pro tempore* thereof, and ex-
cept as to said oath above mentioned and set out the said Ira
W. Christian has not taken any oath to serve as judge of said
court or special judge or judge *pro tempore* thereof or in
any way qualified as such judge; that at the time of said ap-
pointment of said Christian as special judge as aforesaid,
to wit, on said 13th day of March 1899, the Hon. John F.
Neal was the regularly elected, qualified and acting judge of

said court and has ever since continued so to be." The bill also recites that on June 27, 1899, appellee filed with the clerk of the Hamilton Circuit Court a certain "complaint and affidavit for contempt," averring that appellant had wilfully disobeyed the injunction, to appellee's damage, and asking an attachment against appellant for contempt of court. This complaint was presented to Christian as special judge of the Hamilton Circuit Court who issued an order that appellant appear and show cause why an attachment for contempt should not be awarded against him. On June 30, 1899,. appellant, by attorneys, appeared specially and objected, in writing, to Christian sitting as special judge for the reasons that the Hon. John F. Neal was at the time the duly elected, acting, and qualified judge; that this, proceeding was a separate and independent proceeding from any cause theretofore tried or pending in that court; that there had never been any change of venue from the regular judge; that Christian had never been appointed or qualified to preside as judge in the cause, or as special judge, or as judge *pro tempore,* and that he was not the judge nor special judge nor judge *pro tempore* of the Hamilton Circuit Court, and had no authority to act. An exception was taken to the overruling of this objection.

In *Thistlethwaite* v. *State,* 149 Ind. 319, it is held that a proceeding for contempt of court in violating an injunction is a proceeding to enforce a civil right and remedy. See also *Burkett* v. *Holman,* 104 Ind. 6; *Harris* v. *United States etc., Co.,* 146 Ind. 265; *Jaseph* v. *Schnepper,* 1 Ind. App. 154.

When the statute (§419 Burns 1894) says that a special judge "shall have power to hear and determine said cause until the same is finally disposed of, or change the venue thereof in proper cases," it means until a final judgment or decree is entered in the cause; until the rights of the parties respecting the matters involved are determined and adjudicated. It is true a special judge may sign bills of excep-

tions after a final decree or judgment is entered, but such an act is merely the completion of an order made by him during the trial. When the final decree was rendered granting a perpetual injunction the case was finally disposed of within the meaning of this statute. Appellee in that action was decreed a right against appellant. This action is to enforce that right and is entirely separate and distinct from the other. If the special judge may act now he may act at any time in the future if there is a violation of the injunction.

The special judge was appointed to try the particular injunction suit only. A final decree was entered granting a perpetual injunction, and that trial then ended. It is true that where a temporary restraining order is issued and a special judge is then called to try the case he may punish for a violation of the order. *Mowrer v. State*, 107 Ind. 539. But in the case at bar the proceeding is in no sense incident to the trial of the original suit. Although there was an appeal yet the decree stands and is effective until reversed.

The statute provides that injunctions may be granted by the circuit courts in their respective counties in term time, or by the judges thereof in vacation. §1161 Burns 1894. It is also provided that the circuit courts shall have full authority to punish all contempts of their authority. §1374 Burns 1894. Any person guilty of any wilful disobedience of any process or any order lawfully issued by any court of record is guilty of "an indirect contempt of the court from which such process or order shall have issued." §1019 Burns 1894.

Punishment, for direct contempt even, is permitted not because of any imaginary sanctity of the person of the judge, but because the act tends to create a universal disregard for the authority of courts. Contempts may arise, "by any thing," says Blackstone, "that demonstrates a gross want of that regard and respect which, when once courts of justice are deprived of, their authority (so necessary for the good order of the kingdom) is entirely lost among the people."

In the case at bar the contempt complained of was not a contempt of the special judge, nor of any regular judge, but of the Hamilton Circuit Court by whose authority the writ of injunction was issued. Appellee appealed to the court that rendered the decree, not to any particular judge who tried the case. If appellant did any act in violation of the injunction it was an offense against the circuit court and not the special judge, and if such act be a contempt it is a contempt of the court and not the special judge. The circuit court at the trial did act through the special judge, but when the special judge rendered the final decree he had exercised the jurisdiction he was called upon to entertain. If jurisdiction is again to be put into exercise it must be done by the court through the then regular acting judge or by some one legally authorized to act as judge. See, *Kirk* v. *Milwaukee, etc., Co.,* 26 Fed. 501; *Williamson's case,* 26 Pa. St. 9, 67 Am. Dec. 374; *State* v. *McKinnon,* 8 Ore. 487; Rapalje on Contempts, §§8, 13, Hawes Jurisdiction, §221; *Taylor* v. *Moffatt,* 2 Blackf. 305.

Appellant's objection raised the question of the authority of the special judge to act, was seasonably made, and should have been sustained. Judgment reversed.