## RAGLE ET AL. *v.* DEDMAN ET AL.

[No. 7,619. Filed April 27, 1910.]

1. APPEAL.—*Time for Taking.*—An appeal may be taken at any time within one year from the rendition of the judgment appealed from; and an appeal is taken at the time of the filing of the transcript with the Clerk of the Supreme Court. p. 695.

2. JUDGMENT.—*Final.*—Where a judgment was rendered in favor of some of the defendants on January 9, and for the remaining one on March 26, an appeal taken on the following January 23, is in time, the judgment being final as to all parties on March 26. p. 695.

From Dubois Circuit Court; *John L. Bretz*, Judge.

Action by John W. Ragle and others against Eliza J. Dedman and others. From a judgment for defendants, plaintiffs appeal. On motion to dismiss appeal. *Motion overruled.* (For decision on merits, see — Ind. App. —.

*Stanley M Kreig, Cicero Fettinger* and *William D. Curll,* for appellant.

*Tweedy & Youngblood,* for appellee.

COMSTOCK, J.—Appellees severally move that the court dismiss the appeal in this cause, upon the following grounds: (1) That said appeal was not taken within one year from the rendition of the judgment appealed from, as required by law; (2) that the judgment against each and all of the appellees, except appellee Oliver Dedman, from which said appeal was taken, was rendered in the Dubois Circuit Court on January 9, 1909, and the transcript was not filed in this court until March 23, 1910, and no summons was served upon said appellees until after the expiration of one year following the date of the judgment herein appealed from, and that the only judgment rendered in said cause as to appellee Oliver Dedman was a judgment of dismissal of said cause on the voluntary motion of dismissal by appellants as plaintiffs below.

The record discloses that the cause was filed in the Pike Circuit Court at the July term, 1908. On July 23, 1908, the cause on change of venue was sent to the Dubois Circuit Court. On January 9, 1909, plaintiffs filed their demurrer to the second and third paragraphs of the amended answer of defendants Eliza Dedman, Gilbert Dedman, Bessie Dedman, Lulu Dedman, Walter Smith and Clara Smith, and also filed their demurrer to the second and third paragraphs of the separate answer of Oliver Dedman, which demurrers were by the court sustained. On the same day defendants Eliza Dedman and others asked and prayed that the demurrer of plaintiffs to their said answer be carried back to the complaint, which was done, and the court sustained

said demmurrer to plaintiffs' complaint, and "failing to plead further and electing to stand on their complaint as against said defendants," it was ordered and adjudged by the court that plaintiffs take nothing by their suit as against · Eliza Dedman, Rousseau Dedman, Gilbert Dedman, Bessie Dedman, Lula Dedman, Walter Smith and Clara Smith, and that said defendants recover of and from plaintiffs all of their costs."

Plaintiffs prayed an appeal to this court, which was granted, and by agreement the cause was continued as to defendant Oliver Dedman. On March 26, 1909, the cause, on plaintiffs' motion, was dismissed as to Oliver Dedman, at plaintiffs' costs. It thus appears that judgment in favor of appellees, except as to Oliver Dedman, was rendered on January 9, 1909. The transcript was filed in this court on January 23, 1910.

An appeal to the Appellate Court cannot be taken after the expiration of one year from the rendition of the judgment appealed from. §670 Burns 1908, §631 R. S. 1881. Appeals are taken from the time of filing the transcript with the Clerk of the Supreme Court (*Harshman* v. *Armstrong* [1873], 43 Ind. 126; *Lake Erie, etc., R. Co.* v. *Watkins* [1902], 157 Ind. 600), but a judgment is not final unless it disposes of the cause, both as to the subject-matter and the parties, so far as the court before which it is pending has power so to do. *Starkey* v. *Starkey* (1906), 166 Ind. 140, and authorities cited. The cause was still pending up to March 26, 1909. Within a year from that date the transcript was filed in the Appellate Court.

Motion to dismiss appeal overruled.