## MILLER v. SEILER.

[No. 11,678. Filed February 26, 1924. Rehearing denied May 16, 1924. Transfer denied October 14, 1924.]

1. PLEADING.—*Written instrument in the hands of the adverse party, is a sufficient excuse for failure to file with pleading.*— When a pleading is founded on a written instrument, and the original or a copy thereof must be filed with the pleading or the pleading must contain averments showing sufficient excuse for the failure so to do, an averment that the writing is in the hands of the adverse party, who refused to give it up, is a sufficient excuse. p. 39.

2. COURTS.—*Correction of record nunc pro tunc may be made after term.*—Whenever the record of a cause shows that court

proceedings were not properly or sufficiently entered by the clerk, it is within the power of the court, and it is its duty, on proper application and notice, to supply such omission by a *nunc pro tunc* entry, and this power does not cease with the term of court at which the proceedings took place. p. 40.

3. COURTS.—*Application for nunc pro tunc entry to correct a record not independent action.*—An application for a *nunc pro tunc* entry to correct a record is not an independent action requiring complaint and summons, but is auxiliary to the preceding record in the case. p. 40.

4. COURTS.—*Notice to adverse party of application for nunc pro tunc entry may be served on attorney of record.*—Notice of an application to correct the record of a cause by a *nunc pro tunc* record may be served on the attorney of record of the adverse party, the authority of such attorney not ceasing with final judgment where the correctness of the record is questioned. p. 40.

5. ATTORNEY AND CLIENT.—*Authority of attorney after judgment continues for any correction of record.*—One of the exceptions to the rule that the authority of an attorney ceases when the final judgment is rendered is that his authority continues so long as there is any question as to the correctness of the record of the court proceedings. p. 40.

6. JUDGES.—*Special judge has jurisdiction to make nunc pro tunc entry to correct record.*—A special judge appointed to hear and determine a designated cause, having qualified, acquires exclusive jurisdiction of the case throughout all of its stages, and he may, after final judgment, determine a question presented by a motion for a *nunc pro tunc* entry to correct the record. p. 41.

From Warrick Circuit Court; *Marshall R. Tweedy,* Special Judge.

Proceeding by George L. Miller against Joe Seiler, Jr., to correct the record of the proceedings in an action between them. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*James T. Cutler* and *Union W. Youngblood,* for appellant.

*James W. Davis,* for appellee.

REMY, C. J.—Suit by appellant against appellee on a promissory note executed as a part of the purchase

price of farm machinery, and to foreclose a chattel mortgage given to secure the payment of the note. Appellee answered:    (1) Denial; and (2) failure of consideration.    Appellee also filed a cross-complaint setting forth that, contemporaneously with the sale of the machinery and the execution of the note and mortgage sued on, appellant by written instrument warranted the machinery, and agreed that if it failed to do the work for which it was purchased, appellant would take it back, cancel the note and mortgage, and return to appellee a cash payment of $500; that the written instrument is not made a part of the cross-complaint as an exhibit or otherwise, for the reason that the same is now in the hands of appellant who refuses to give it up; that the machinery did not do the work as warranted, and is worthless; that appellee is entitled to the cancellation of the note and mortgage, and the return of the cash payment with interest.

A demurrer to the cross-complaint having been overruled, and issues joined by denial to the affirmative answer and cross-complaint, there was a trial by court resulting in a finding against appellant on the complaint, and in favor of appellee on his cross-complaint.

At the close of the term of court at which the cause was tried, and while a motion for a new trial was pending, the official term of the judge who had heard the cause expired, and he was succeeded by another. The newly-elected judge being disqualified by reason of his previous connection with the case as attorney, the former judge whose term of office had just expired was, by agreement of the parties, appointed and qualified as special judge, and, as such, overruled appellant's motion for a new trial, and rendered judgment for appellee.

The action of the court in overruling the demurrer to the cross-complaint is first urged as a cause for reversal.

The only objection presented by the memorandum 1. which accompanies the demurrer is that the written contract of warranty is not set out as a part of the pleading as an exhibit. It is well settled that when a pleading is founded upon a written instrument, the original or a copy thereof must be filed with the pleading, or the pleading must contain averments showing sufficient excuse for the failure so to do. *Anderson School Tp.* v. *Thompson* (1883), 92 Ind. 556. Appellee in his cross-complaint avers that the contract which forms the basis of the pleading is not made a part thereof for the reason that it is in the possession of appellant who, upon demand made upon him before the filing of the cross-complaint, refused to give it up. A sufficient excuse is thus shown. *Keesling* v. *Watson, Admr.* (1883), 91 Ind. 578; *Walter A. Wood, etc., Mach. Co.* v. *Irons* (1894), 10 Ind. App. 454. The court did not err in overruling the demurrer.

After the close of the term of court at which the motion for a new trial was overruled and final judgment was rendered, appellee filed a motion to correct the record of the judgment by *nunc pro tunc* entry, and served notice thereof upon one of appellant's attorneys of record who acknowledged the service as "plaintiff's attorney." Over appellant's objection made by the attorney on whom the notice had been served, and who had entered his special appearance, the motion was heard by the special judge, resulting in an order directing the correction to be made. Assignments of error challenge the right to correct the record after the close of the term at which the judgment was rendered, the sufficiency of the notice to confer jurisdiction over appellant, and the authority of the special judge to hear and determine the question presented by the motion.

Whenever the record of a cause shows that court proceedings were had of which no proper or sufficient entry

was made by the clerk, it is within the powers, 2-5. and it is the duty, of the court, upon proper application and notice, to supply such omission by a requisite *nunc pro tunc* entry; and this power does not cease with the term of court at which the proceedings took place. *Smith* v. *State* (1880), 71 Ind. 250. A motion for a *nunc pro tunc* entry to correct a record is not an independent action requiring complaint and summons, but is auxiliary to the preceding record in the case. *Indianapolis, etc., Transit Co.* v. *Andis* (1904), 33 Ind. App. 625, 72 N. E. 145. Appellant contends that since the motion to correct the record was filed after final judgment, the notice served upon his attorney of record was insufficient as a notice to appellant. It is argued that the connection with the case of the attorney who had represented appellant at the trial was terminated by operation of law when final judgment was rendered. To the rule that the authority derived by an attorney at law from a general retainer to conduct a litigation on behalf of his client ceases when the final judgment is rendered, there are many exceptions. *Brown* v. *Arnold* (1904), 131 Fed. 723, 67 C. C. A. 125. One of the exceptions to the general rule is where the correctness of the record of the trial is questioned. It is the duty of the attorney, not only to his client but to the court as well, to see that the record is correctly made, and, after it is so made, that it be protected from change. It follows that where a motion to correct a record by *nunc pro tunc* entry is filed by one of the parties after the close of the term of court at which the final judgment was rendered, the notice thereof is properly served upon the attorney of record of the other party. *Doane* v. *Glenn* (1872), 1 Colo. 454; *Lusk* v. *Hastings* (1841), 1 Hill (N. Y.) 656.

Where, pursuant to §427 Burns 1914, §415 R. S. 1881, a special judge is appointed to hear and determine a

designated cause, such special judge, having

6. qualified, acquires exclusive jurisdiction of the case throughout all of its stages, with substantially the same powers as to that case as the regular judge would have had. *Perkins* v. *Hayward* (1890), 124 Ind. 445, 24 N. E. 1033. See, also, *Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990. We hold that the determination of the question presented by appellee's motion for a *nunc pro tunc* entry was within the jurisdiction of the special judge.

The decision of the court is sustained by the evidence. *Affirmed.*