SMITH *v.* ZUMPFE ET AL.

[No. 27,425. Filed June 13, 1940. Rehearing denied September 16, 1940.]

*Fred E. Barrett* and *Bachelder & Bachelder,* all of Indianapolis, for appellant.

*Davis, Pantzer, Baltzell & Sparks,* of Indianapolis, for appellees.

SHAKE, J.—This case comes before us on a motion to dismiss, and the question is whether the order sought to be reviewed is a final judgment or an interlocutory decree. If it is interlocutory the appeal was not taken in time.

The order was one for the sale of real estate entered in a receivership proceeding. It was recited therein,

"that the Court expressly reserves jurisdiction to refuse for any reason to confirm any sale made pursuant to this order." An order for the sale of real estate in which the court reserves the right to refuse to confirm the sale is usually regarded as interlocutory, upon the theory that a final order is not entered in such a proceeding until the sale is confirmed by the court. This is the rule with respect to proceedings to sell real estate in the settlement of decedents' estates. In *Staley* v. *Dorset* (1858), 11 Ind. 367, it was said:

"The statute under which the proceedings were had, contemplates that the whole matter is under the control of the Court until the land is sold, a report of the sale made to the Court, and the sale confirmed, and perhaps until a deed is ordered to

be made to the purchaser. Upon a report of the sale being made, the Court may confirm it or set it aside and order a resale. We are of opinion that the judgment appealed from was not final, within the meaning of the statute."

We can perceive no sound reason why the same rule should not be applicable to an order of sale entered in a receivership proceeding where the sale is made contingent upon subsequent approval.

This is the second appeal growing out of this receivership, and the appellant says that in the former case we held, in effect, that an order of the character here involved was final and not interlocutory, and that said decision is therefore binding upon this court and the parties alike. The case referred to is *Zumpfe* v. *Piccadilly Realty Company* (1938), 214 Ind. 282, 13 N. E. (2d) 715, 15 N. E. (2d) 362, 124 A. L. R. 1060. In that case, parties claiming to be interested in the receivership proceeding filed a cross-petition in which they sought an order against the receiver to require him to subject the assets of the trust to sale. After a hearing on the merits, the court denied the cross-petition, and rendered judgment against the petitioners. We held, and we think correctly, that the judgment was a final one. So far as the rights of the petitioners were concerned, the matters presented were finally adjudicated and nothing was left for future determination. Whether an order or decree is final or interlocutory is not determined from the character of the proceedings in which it is entered, but from the character of the relief granted. It may well be that the denial of relief will be considered final, while to grant it would amount to an interlocutory order. To illustrate: An order refusing to set aside a default judgment is final, while one setting it aside is merely

interlocutory. *Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195; *Heck* v. *Wayman* (1932), 94 Ind. App. 74, 179 N. E. 785.

The appeal is dismissed.

NOTE.—Reported in 27 N. E. (2d) 878.