## STATE OF INDIANA ON RELATION OF MCCLELLAN *v.* HINKLE, JUDGE, ETC. ET AL.

[No. 29,147. Filed April 5, 1954.]

*Batton, Harker & Rauch,* of Marion, for relators.

*Frank B. Jaqua,* of Portland, for respondents.

DRAPER, C. J.—This proceeding is a sequel to *State ex rel.* v. *Jay Circuit Court* (1954), 233 Ind. —, 116 N. E. 2d 511, to which reference should be had for the purpose of ascertaining the underlying factual situation.

After the above mentioned matter was decided, on January 16, 1954, the respondent ordered the relator to appear in the Jay Circuit Court on January 21, 1954, to show cause why he should not be punished for contempt of the Jay Circuit Court for the alleged violation of the restraining order issued on September 17, 1953. The hearing was continued to February 5, 1954, and in the meantime, on January 28, 1954, we issued a writ temporarily prohibiting further proceedings in the matter of the contempt proceeding set for February 5th.

It has now been made to appear that, whereas on September 17, 1953, there was no judge of the Blackford Circuit Court competent to act, the Hon. Russell E. Stewart was on October 15, 1953, duly selected by the parties as special judge in Cause No. 14156 in the Blackford Circuit Court, and on October 24, 1953, he appeared and qualified and is now acting as such.

The substantial question presented is whether the respondents have jurisdiction to hear and determine the matter of the alleged violation by the relator of the order of September 17, 1953.

The authorities with which we have been furnished are cases which involve jurisdiction to enforce injunctive orders in cases where changes of venue have been

taken. They do not seem to us to be either controlling or helpful. The statute with which we are now concerned is tailored to fit a situation entirely unlike that presented in cases where a change of venue is allowable.

The violation of an injunction is an offense against the court by whose authority the writ was issued, and not against the authority of the judge who ordered its issuance. *Kissel* v. *Lewis* (1901), 27 Ind. App. 302, 61 N. E. 209. It is a contempt against the court in which the action is pending, and by whose authority, in legal contemplation, the writ was issued. *People* v. *Co. Judge of Placer Co.* (1865), 27 Calif. 151.

The statute (Burns' 1946 Repl., §3-2101) does not confer jurisdiction upon an adjoining circuit court to issue a temporary injunction or restraining order under the circumstances and conditions therein enumerated. It merely authorizes the judge of an adjoining circuit to hear and determine the granting of such temporary injunction or restraining order, leaving the regular presiding judge in the county where the action is pending to hear and determine whether the order shall be made permanent.

As said in *State ex rel.* v. *Jay Circuit Court, supra*, the action of the respondent judge was ancillary to the cause of action pending in the Blackford Circuit Court. Although it was and is the opinion of this court that orderly procedure required and made proper the filing of the petition for ancillary action in the Jay Circuit Court, and the assignment of a number to it there, the cause of action to which it was ancillary was, of course, pending in the Blackford Circuit Court, and the respondent judge was acting in, but not for, the respondent court. The authority of the respondent judge was auxiliary to the jurisdiction of the Blackford Circuit Court, and was one which arose out of the necessities

of an emergency situation which had been anticipated by the legislature. In issuing the writ the respondent judge, although acting in the Jay Circuit Court, was acting for the Blackford Circuit Court and the process which issued was, in reality, the process of that court.

We conclude, as we intimated in *State ex rel.* v. *Jay Circuit Court, supra,* that the authority of the respondent judge ended with the appointment and qualification of the special judge in Cause Number 14156 in the Blackford Circuit Court. The following are among the cases which seem to us to support that conclusion: *People* v. *Co. Judge of Placer Co., supra; Mullens Realty & Ins. Co.* v. *Klein* (1920), 85 W. Va. 712, 102 S. E. 677, headnotes 5 and 6;[1] *Johnson* v. *Bouton* (1892), 35 Nebr. 898, 53 N. W. 995; *Wilber* v. *Woolley* (1895), 44 Nebr. 739, 62 N. W. 1095; and see *Androscoggin & Kennebec R. R. Co.* v. *Androscoggin R. R. Co.* (1862), 49 Me. 392.

The respondent judge heretofore indicated his intention and entire willingness to certify the granting of the restraining order to the Blackford Circuit Court upon being advised that a special judge had qualified in the action there. We think such should be done, and that the temporary writ of prohibition should be made permanent.

So ordered.

Bobbitt, Flanagan & Gilkison, J. J., concur; Emmert, J., not participating.

NOTE.—Reported in 118 N. E. 2d 491.

1. Syllabus by the court. See Virginia Code of 1949 Ann., §5807.