MORRISON *v.* MORRISON

[No. 19,170.  Filed January 27, 1960.]

*Jenkins & Fiely* and *Frank B. Jaqua,* both of Portland, for appellant.

*Abromson & Grimes,* of Portland, for appellee.

COOPER, J.—This appeal is from the Jay Circuit Court wherein the trial court made an order modifying a prior order concerning the custody of a minor child. The cause was originally appealed to the Supreme Court and transferred to this court pursuant to §4-217, Burns' 1946 Repl.

The record before us reflects that the parties to this appeal are the parents of an infant girl, born on May 20, 1956, and that the appellant herein was granted an absolute divorce from the appellee herein and awarded the custody of said minor child on the 30th day of March, 1957.

Thereafter, the record reveals the appellee, in the matter now before us, filed a petition seeking a modifi-

cation of the custody order originally rendered on the 6th day of May, 1957.

The trial court thereafter (a Special Judge trying said petition) heard evidence upon submission and later made and entered findings and an order relative to the custody of said child, which said order is appealed from.

Appellant filed her motion for a new trial averring the insufficiency of the evidence to sustain said decision and that the same is contrary to law, said motion was overruled by the trial court on September 25, 1957.

The transcript of record and the appellant's assignment of error were duly filed with the Clerk of the Supreme and Appellate Courts on the 11th day of December, 1957; that on February 21, 1958, the appellee herein filed a motion to dismiss upon the theory that a motion for a new trial was not contemplated in such proceedings and that the filing of such motion would not extend the appellant's time for filing the transcript of record and assignment of errors and that since the transcript of record and assignment of errors were not filed within ninety (90) days after the trial court entered its order, said transcript and assignment of errors were not filed within the time fixed by Rule 2-2 of the Supreme Court. The appellee's motion on the aforesaid ground was by this court overruled on March 21, 1958. The matter was then assigned for oral argument, and, in the course of said oral argument, the appellee raised another jurisdictional question for the first time—namely, that the matter before us was an appeal from a hearing upon a petition that was interlocutory in nature, and, if that were true, the appellant was required, under Rule 2-2 and §2-3219, Burns' 1946 Repl., to file the transcript of record and assignment of errors within thirty (30) days from the court's final order or ruling upon the motion for a new

trial, if one was filed. If this be true, the defect being jurisdictional, the appellee could raise the question at any time, even during oral argument, and his failure to raise the question until such time "cannot constitute a waiver, an agreement or an estoppel." *Hansbrough* v. *State* (1952), 230 Ind. 397, 400, 103 N. E. 2d 203.

In a previous opinion written in this cause we were in accord with the appellee herein and held that such orders were interlocutory by virtue of what the Supreme Court had said in the case of *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 326, 75 N. E. 2d 154, wherein the court stated:

"Such orders (for the custody of children) therefore are interlocutory in nature. . . ."

We further thought that by reason of the Supreme Court's following statement in the case of *On the Relation of Rosenbarger* v. *Mar. C. C. et al.* (1959), 239 Ind. 132, 155 N. E. 2d 125, 127, "Therefore, it is proper and consistent with the nature of the action that the court may enter a decree, *interlocutory in character,* by which it determines the custody of the children, subject to further and final disposition of the case" (our emphasis) that this matter should have been appealed under the statutes and rules relating to interlocutory orders.

In the recent case of *Haag* v. *Haag,* No. 29884, December, 1959, the Supreme Court held that said foregoing statements were gratuitous and lent no support to the position that such orders are interlocutory and held that such matters are appealable under the rules of civil procedure as a final judgment. We are now compelled to abide by such decision in this cause and consider this appeal as an appeal from a final judgment.

The petition filed in the court below, omitting the formal parts, reads as follows:

"Comes now the defendant, Thomas P. Morrison, and for his amended petition to modify order of court relative to custody of minor child alleges and says:

"1. That the plaintiff was granted an absolute divorce from the defendant March 30, 1957 at which time the custody of the minor child of the parties, Susan Leigh Morrison, was granted to the plaintiff.

"2. That shortly after the granting of the divorce, as aforesaid, and within a few days thereafter, without the knowledge of the defendant, the said child was placed with Dorwin Myers and his wife, who reside on a farm west of the City of Portland, Indiana, and which parties have said child in their possession and are caring for her.

"3. That the conduct of the plaintiff in placing said child with Dorwin Myers and wife, as aforesaid, and without the knowledge and consent of the defendant, is detrimental to the welfare and best interests of the infant child of the parties and constitutes a change of condition and circumstances such as did not exist at the time of granting the divorce to plaintiff and giving her custody of said child, which change of condition and acts on her part warrants a modification of the order as to custody of said infant child.

"4. That the conduct of the plaintiff since the granting of the divorce and order of custody, as aforesaid, has rendered her unfit to have the care and custody of said child.

"5. That since the granting of the divorce, as aforesaid and granting the custody of said minor child with the plaintiff by said court order of March 30, 1957, the conditions have changed to the extent that the former order of court as to the custody of said child should be modified and the custody of said child be given to the defendant.

"6. That it would be to the best interest of said child that said order of court be modified and cus-

tody changed and said child placed with this petitioner.

"Wherefore the defendant prays that the order of court as to the custody of said minor child be modified after notice to the plaintiff and for all other relief just and proper in the premises."

The evidence in the record before us appears without conflict, and it was the duty of the trial court to apply the correct principles of law to such facts; otherwise, the decision of the court would be contrary to law.

It is apparent from the record that the trial court permitted much evidence to be introduced upon both direct and cross examination that was not pertinent to the issues involved in this cause.

The evidence, concisely stated, shows that the parties were married very young, the appellee herein being twenty-one years of age, and the appellant being sixteen years of age; that at the time of the divorce, the trial court placed the custody of the minor child (year and one-half old) involved herein, in the appellant and that the appellee was ordered to pay the sum of eight ($8.00) dollars a week for the support of said child; that shortly after the divorce, the appellant returned to high school in order to further and complete her education, and thereby enabling her to better support herself and child; that as a matter of convenience while attending her school work, the appellant made arrangements to have the child attended temporarily by an aunt and uncle, both admittedly moral and reputable people, having other children and living in a suitable, modern farm home. The appellee herein, after learning that his ex-wife had returned to school and had made the temporary placement of the child, held a conference with his parents, and, as a result thereof, filed the petition

for the modification of the custody order on May 6, 1957, which was thirty-seven (37) days after the original order.

The record is devoid of any evidence showing any change in the conditions which existed at the time of the original order or as affecting the morals, character or fitness of the appellant since said order. The uncontradicted testimony was that the appellant was a good mother and gave the child loving care, and the undisputed evidence shows that the child was well treated and loved in the home where the child was temporarily placed.

There is no evidence to show that the appellee was any more "fit" at the time of the hearing on June 19, 1957, than he was on the 30th day of March, 1957, nor is such an allegation contained in the petition.

The evidence reveals that the appellee was attending Indiana University and that he desired the child to be kept in the home of his parents, who had a short time before the hearing ordered the appellant and her child from their home. We do not believe it necessary to set forth further testimony, and believe it sufficient to say that a review of the evidence does not show a vital change of conditions as the law requires nor did the trial court find any vital change of conditions as shown by the following findings and order made by the court:

"Comes the parties in person and by counsel and the amended Petition to Modify Order as to Custody of Minor Child, having been heretofore submitted to the Court for hearing and determination, and the Court having seen and inspected said petition, having heard evidence submitted thereon, and argument of counsel, and being sufficiently advised in the premises, now finds that the former order of court as to the custody of the said minor child, Susan Leigh Morrison, should be changed as follows, to-wit:

"The Court now finds that the defendant, Thomas P. Morrison, should be given the temporary custody of said child, until further order of the Court.

"The Court further finds that while the said child is in the temporary care, custody and control of the father and defendant, Thomas P. Morrison, that the said child shall reside at the home of the paternal grandparents, Dr. and Mrs. George Morrison, in Jay County, Indiana.

"The Court further finds that the said defendant, Thomas P. Morrison, shall not remove the said child from the jurisdiction of the Jay Circuit Court, during the time that he has the care, custody and control of said child.

"The Court further finds, that while the said child is residing at the home of its paternal grandparents, that the Jay County Department of Public Welfare shall conduct periodic visits to said home and report to this court at the end of each month, as to the child's welfare and adjustment to its new environment.

"The court further finds that the mother, Rita A. Morrison, should be granted almost unlimited visitation rights and that the plaintiff and mother should be granted the right to visit said child at all reasonable and proper places.

"The court further finds that the child's natural right to the affection and love for both parents should not be interfered with by any person, interested in this cause of action.

"The court further finds that the defendant, should pay into the office of the Clerk of the Jay Circuit Court the sum of One Hundred Dollars, for the benefit of Jenkins & Fiely, attorneys for the plaintiff, within thirty (30) days of date.

"IT IS THEREFORE NOW ORDERED ADJUDGED AND DECREED, by the court that the temporary care, custody and control of said child, be granted to the defendant Thomas P. Morrison.

"It is further ordered, that the said child shall reside at the home of the paternal grandparents, Dr. and Mrs. George Morrison, while the said defendant has the temporary care, custody and control of said child.

"It is further ordered that the child shall not be removed from the jurisdiction of the Jay Circuit Court during said time of temporary custody.

"It is further ordered that while the said child is residing at the home of its paternal grandparents, that the Jay County Department of Public Welfare shall conduct periodic visits to the said home and report to this court at least once each month, as to the child's welfare and adjustment to its new environment.

"It is further ordered that the plaintiff and mother be granted almost unlimited rights of visitation, and the said plaintiff is given the right to visit the child at all reasonable times and places.

"It is further ordered that the child's natural right to the affection and love of both parents shall not be interfered with by any person, interested in this cause of action.

"It is further ordered that the defendant shall pay into the office of the Clerk of the Jay Circuit Court, the sum of one hundred dollars, within thirty (30) days of date, for the benefit of plaintiff's attorneys, Jenkins and Fiely.

"It is further ordered that a certified copy of this decree be given to the Director of the Jay County Department of Public Welfare for appropriate action.

"It is further ordered that the costs of this action be assessed to the defendant.

"*JUDGMENT ACCORDINGLY*

"Read and signed in open Court."

The only question before the trial court under the issues was whether the evidence revealed there had been a change in conditions of such a decisive character since the granting of the divorce and the fixing of the custody of said child *so vital as to make it necessary for the welfare of the child that there be a change in the custody.* The burden of proving by evidence of probative value such a vital change of con-

ditions rested upon the petitioner requesting such modification, and if such a vital change of conditions is not shown by a preponderance of the evidence and so found by the trial court, no change in said care and custody can be made.

This court and the trial court are bound by the principle of law as announced in the case of *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 274, 102 N. E. 2d 499, wherein Judge Gilkison, speaking for the Supreme Court, said:

"The cause relied upon in this petition to justify the modification of the decree must be that since the last order there has been a change in conditions of such a decisive character as to make it necessary for the welfare and happiness of the child that the requested change in care and custody be made. *If such a vital change in conditions is not averred and not shown by the evidence and found by the court, no change in care and custody can be made. Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. 2d 915; *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N. E. 2d 533; *Reineke* v. *Northerner* (1949), 119 Ind. App. 539, 546, 84 N. E. 2d 900; *White* v. *White* (1938), 214 Ind. 405, 410, 15 N. E. 2d 86." (Our emphasis.)

The record in the cause now before us reveals the same deficiencies as were found by the court in the Adams v. Purtlebaugh case, *supra*. The findings heretofore set out affirmatively show that no finding or judgment was made by the trial court as to whether there had been any change of conditions with respect to the child or the parties since the original judgment was entered on March 30, 1957, nor is there any evidence of probative value in the record showing a change of conditions since the last hearing so vital as to make it necessary for the welfare of the child that there be any change of custody as was necessary

under the authority of the Adams v. Purtlebaugh case, *supra.*

> Where there is not sufficient evidence to sustain the decision of the trial court, it is contrary to law. ■ *Emrich Furniture Co.* v. *Valinetz* (1933), 96 Ind. App. 668, 185 N. E. 654.

We are of the opinion that the appellant has shown error for which the order and judgment appealed from must be reversed, and, therefore, the order and judgment which decreed a change in the care and custody of the said minor child is reversed with instructions to enter judgment denying the appellee's petition for a change of custody and for such costs against the appellee as accrued on his said petition and the hearing thereon.

Ax, J., Myers, C. J., and Ryan, J., concur.

NOTE.—Reported in 164 N. E. 2d 113.