HELLER, NOW CONALLY *v.* HELLER.

[No. 19,366. Filed April 2, 1962. Dissenting Opinions filed April 3, 1962. Concurring Opinion filed April 9, 1962.]

*Bangs & Yates, C. W. H. Bangs,* and *Donald G. Yates,* all of Huntington, for appellant.

*Gates & Gates, Robert Gates,* of Columbia City, and *Phil M. McNagny, Jr.,* of Ft. Wayne, for appellee.

Ax, J.—The divorce action out of which this custody action arose was originally filed in the Whitley Circuit Court. Appellant, plaintiff in the original action, filed a change of venue from the county and the cause of action was venued to Wabash County where the divorce action was tried, resulting in a decree for the appellant and vesting custody of their minor child with appellant, with the proviso that if she remarried or resided out of the state of Indiana, the custody of the child was to be in the appellee.

Subsequently, appellant filed a petition to modify the custody order to permit her to remarry, move to Michigan and retain custody. Appellee filed his cross-petition asking custody. Appellant then filed a verified motion for change of judge. A special judge was selected and qualified. Thereupon, the special judge heard the evidence and entered an order changing the original custody order, granting custody to appellee until further order of the court.

Subsequent to this second custody order, appellee filed a petition in the Wabash Circuit Court to modify the previous custody decree entered by the special judge, in order to permit him to take the child to New York to reside, and appellant also filed her petition for change of custody from the appellee to this appellant. Both of their petitions were filed and docketed under the cause wherein the original divorce had been awarded to appellant against appellee.

On the date set for hearing on the petitions, the record shows that the attorneys of record for the appellant had withdrawn their appearance, and the attorneys of record in this appeal entered their appearance for appellant and filed written objections to the competency and jurisdiction of the special judge, on the grounds that said special judge had made a final decision in the

previous custody hearing and by reason thereof his jurisdiction had ceased upon the entry of his final decree.

The record shows that the court overruled said objections by entering the following record: "since they were not filed until the time the petitions were set for hearing and neither the court nor opposing counsel were informed that the question of jurisdiction would be raised prior to this morning." Thereupon the appellant requested a continuance, which was denied. Cause was then submitted for hearing on the petition of appellee and evidence was presented. The appellant declined to present any evidence either on appellee's petition or appellant's petition to modify the order of custody, electing to stand on her original objections to the competency and jurisdiction of the special judge.

The special judge thereupon found for appellee and against appel'ant, and entered an order authorizing appellee to take the child out of the state of Indiana with certain visitation rights to appellant. The record entry of the special judge concluded with the following statement: "The undersigned special judge now resigns from further participation in this cause and this cause is now returned to the regular judge of this court."

Appellant's Motion for New Trial specifying the lack of jurisdiction of the special judge, the error of the special judge in overruling appellant's objection to his competency and jurisdiction, and that the decision of the court is not sustained by sufficient evidence and is contrary to law, was overruled by the special judge, and this appeal followed. Appellant assigned as error the overruling of her motion for new trial.

The question herein is, does the special judge appointed to hear and determine a petition to modify a decree as to custody of a child retain jurisdiction over a subsequent proceeding to modify the custody order which he had previously entered, or does the jurisdiction of this subsequent proceeding vest in the regular court judge from whom a change of venue had been taken in the previous custody proceeding.

Appellee argues that this is a case of first impression in Indiana. In support of his contention that the special judge retained jurisdiction in this case before us, appellee argued, and we agree, that it is the law in Indiana that a decree as to custody of children is subject to modification during the minority of children. Citing *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86; *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N. E. 2d 533, and *Reineke* v. *Northerner* (1949), 119 Ind. App. 539, 84 N. E. 2d 900. Also that our Court has indicated that a petition to modify a custody order is part of a continuing cause and not a new and independent action. *Reineke* v. *Northerner*, *supra*.

Jurisdiction of the trial court relative to the custody of children in a divorce action is acquired by statute which provides:

"Section 3-1219, Burns' 1946 Replacement, Custody of Children.—The Court in decreeing a divorce, shall make provision for the guardianship, custody, support and education of the minor children of such marriage."

and under said statute the court has complete jurisdiction to provide for the support and custody of minor children during said minority, subject to the modification of the decree. *Manners* v. *State* (1936), 210 Ind. 648, 5 N. E. 2d 300.

Under our Indiana practice, the appointment of a special judge to hear the motion to modify the custody order was proper. *Rhinehalt* v. *Rhinehalt* (1920), 73 Ind. App. 211, 127 N. E. 10; *McDaniels* v. *McDaniels* (1945), 116 Ind. App. 322, 62 N. E. 2d 876.

The statute under which the special judge in this case was appointed reads as follows:

> "Section 2-1410, Burns' 1946 Replacement, Special Judge — Qualification — Filing of appointment — Duration of power — [If the person selected consents to serve, he] shall be qualified as other judges, and his appointment shall be filed with the clerk and entered on the order book; and he shall have power to hear and determine said cause until the same is finally disposed of, or change the venue thereof in proper cases."

From the above stated laws, appellee argues that the issue of the custody of a child is not disposed of until the custody of the child is no longer an issue before the court. Consequently, appellee urges that the special judge therefore retained jurisdiction over the custody of the child, which includes any attempts to modify his custody orders, until the custody issue is absolved by time, or a change of venue from the judge is filed, or the special judge resigns or refuses to retain jurisdiction — and in the instant case, none of these events occurred, so, consequently, appellee argues that the special judge rightly retained jurisdiction in this action and was correct in overruling appellant's motion for new trial.

We are inclined to agree with appellee that our courts have not definitely decided the question herein involved and that this is a case of first impression. However, by reason of previous decisions by this and the Supreme Court, we are of the

opinion that appellee's contention that the special judge had continuing jurisdiction over the custody matter is wrong.

In the case of *Kissel* v. *Lewis* (1901), 27 Ind. App. 302, 61 N. E. 209, this Court stated:

> "In the case at bar the contempt complained of was not a contempt of the special judge, nor of any regular judge, but of the Hamilton Circuit Court by whose authority the writ of injunction was issued. Appellee appealed to the court that rendered the decree, not to any particular judge who tried the case. If appellant did any act in violation of the injunction it was an offense against the circuit court and not the special judge, and if such act be a contempt it is a contempt of the court and not the special judge. The circuit court at the trial did act through the special judge, but when the special judge rendered the final decree he had exercised the jurisdiction he was called upon to entertain. If jurisdiction is again to be put into exercise it must be done by the court through the then regular acting judge or by some one legally authorized to act as judge."

In the recent case of *Haag* v. *Haag* (1960), 240 Ind. 291, 163 N. E. 2d 243, the Supreme Court recognized "that in a divorce action the court has continuing jurisdiction in respect to minor children of the parties and may, in a proper proceeding, modify the decreee as it pertains to custody or support, at any time during the dependency of the children, as the circumstances of the parents may require and in order to serve the interest and welfare of the children."

Judge Bobbitt, speaking for the court, at page 298, stated:

> "Such orders are subject to modification as above stated, not because they are interlocutory and reserve or leave some question or decision for future determination, but because changes in conditions and other causes which cannot be anti-

cipated at the time the divorce decree is entered, may make it necessary for the best interest and welfare of the children to change either the order of custody or of support. An order in a divorce decree for the custody and support of minor dependent children 'cannot anticipate the changes that may occur' in the circumstances surrounding the 'parents, or in their habits, character and fitness to have the custody and care of the children,' and it is to meet these contingencies that the court retains jurisdiction to modify its decree as to custody and support of minor children should the occasion to do so arise. Otherwise the original decree remains unchanged."

Again in the Haag case, the Supreme Court, referring to *Stone* v. *Stone, supra* and *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493, concluded that an order for the custody and support of minor children entered subsequent to the divorce decree is, for the purpose of appeal, a final judgment appealable as such under the rules of civil procedure.

This Court, which had heretofore considered that orders for the support and custody of minor children were not final because they were subject to subsequent modification by the court in a proper proceeding, and that such orders were interlocutory, in line with *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 326, 75 N. E. 2d 154, was compelled by the decision of the Supreme Court in the *Haag* case, *supra,* to follow and adopt the rule of the court that such orders are final judgments, for the purposes of appeal. See *Morrison* v. *Morrison* (1960), 130 Ind. App. 270, 164 N. E. 2d 113.

It follows, therefore, that if such orders are final judgments, for purposes of appeal, then it must logically follow that upon entering a custody order such as was entered in the case before us by the special judge, that particular issue

before him was finally decided thereby terminating his jurisdiction over subsequent petitions to modify his custody order. This reposes jurisdiction, as in the *Haag* v. *Haag* case, *supra,* in the court before the regular presiding judge of that court.

By reason of our above conclusions, we are of the opinion that the special judge had no jurisdiction in this case, and consequently the entire proceedings before him were void.

This case is now remanded to the Wabash Circuit Court with instructions to expunge the order of the special judge herein from the record.

Bierly, Gonas, Myers, Pfaff, JJ., concur. Kelley, P. J., concurs with concurring opinion.

Ryan, C. J., dissents with opinion.

Cooper, J., dissents with opinion.

## Concurring Opinion

KELLEY, P. J.—I reached the same result as the majority opinion but perhaps upon different ground.

It seems to me that the true rule was announced as the doctrine of that phase of the case by our Supreme Court in *Hays* v. *Hays* (1939), 216 Ind. 62, 22 N. E. 2d 971, wherein it is stated:

". . . Many of our cases have held that a court trying a divorce case has a continuing jurisdiction over the children of the litigants during the minority of such children. This does not mean that the particular judge who tries the case, merely by reason of having tried the case, has such continuing jurisdiction over the custody of the children. The order entered by the special judge in the divorce action above mentioned was the order of the court and the violation of that order by the appellant constituted a contempt of the Jennings Circuit Court and not of the special judge who made the order. Only the regular pre-

siding judge of that court, or some one duly authorized to act for him, could hear the contempt proceedings. *Kissel* v. *Lewis* (1901), 27 Ind. App. 302, 306, 61 N. E. 209."

There can be little question that if the order entered by the special judge on January 2, 1959 had not contained the words "until such time as the plaintiff may have provided a suitable home for said child within the jurisdiction of this court", said order would constitute a final disposition of the proceeding under the authority of the Hays case, *supra*.

In my opinion the above quoted words contained in the final order did not serve to continue jurisdiction in the special judge who made the order but amounted, in legal effect, to a condition subsequent to the right of the defendant, Morris Heller, to retain custody of the child. In other words, it seems to me that the special judge gave said Morris Heller the custody of the child until such time as the plaintiff, Roxanne Heller, provided a suitable home for said child within the jurisdiction of the court. Upon the happening of that event the right of custody of said child in Morris Heller became subject to be terminated either by mutual action on the part of the litigants or by action of the court taken upon a petition averring the facts leading to the cessation of the right of custody.

Therefore, I am of the opinion that the jurisdiction of the special judge terminated upon the entry of said order of January 2, 1959 and that the appellant's objections to the jurisdiction or right of said special judge to further act in said cause should have been sustained. As, in my opinion, the special judge had no jurisdiction to act in such matter, his actions and determination in said proceeding was void and of no

force and effect and, therefore, he had no power or jurisdiction to rule upon appellant's motion for a new trial. I think this court should declare his actions and determination in said proceeding to be void and that this appeal should be remanded to the Wabash Circuit Court for further proceedings.

## DISSENTING OPINION

COOPER, J.—I cannot agree with the result reached in the majority opinion for the following reasons:

I cannot agree with the statement in the majority opinion as to how jurisdiction relating to custody of children is acquired and continued after a final decree of divorce is granted.

In a review of the divorce statutes, I find that §3-1219, Burns' 1946 Repl., Part 2, does not provide for a modification. The only statute providing for a modification is found in §3-1232, Burns' 1946 Repl., Part 2, which relates to children wherein a trial court decrees a temporary separation. The real authority for such modification comes from judicial fiat wherein our Supreme Court has, by well-established rules, supplemented the provisions of §3-1219, Burns', *supra*, by holding in many cases that in a divorce action the court has continuing jurisdiction in respect to the care, custody and support of the minor children of the parties, and may, in a proper proceeding, modify a decree as it pertains to the custody, care or support of said children at any time during the minority and/or dependency of said children, as the circumstances of the parents may require and in order to serve the best interests and welfare of the children involved. See *Haag* v. *Haag* (1959), 240 Ind. 291, 298, 163 N. E. 2d 243; *Scott* v. *Scott* (1949), 227 Ind. 396, 406, 86 N. E. 2d 533; *Zirkle* v. *Zirkle* (1930),

202 Ind. 129, 132, 172 N. E. 192; *Stone* v. *Stone* (1902), 158 Ind. 628, 633; 64 N. E. 86; *Bryan* v. *Lyon et al.* (1885), 104 Ind. 227, 234, 3 N. E. 880, 54 Am. Rep. 309; *Reineke* v. *Northerner* (1949), 119 Ind. App. 539, 544, 84 N. E. 2d 900; 10 Ind. Law Encyc., Divorce, §168, p. 655; *On The Relation of Rosenbarger* v. *Mar. C. C. et al.* (1959), 239 Ind. 132, 155 N. E. 2d 125, 127.

Nor can I agree with the statement made in the majority opinion that the special judge was selected under §2-1410, Burns', 1946 Repl., Part 1. Since the first day of January, 1947, special judges in this state have been selected in the manner as provided for by Rule 1-12 of our Supreme Court, and the amendments made thereto.

In the matter now before us it appears from the record that on the 10th day of February, 1958, the plaintiff below (appellant herein) was granted a divorce from the defendant below (appellee herein) by John W. Beauchamp, regular Judge of the Wabash Circuit Court, and, at the time of the granting of the divorce, the trial court placed the custody of a minor child, to-wit: three years of age, with the plaintiff, and a proper support order was made against the defendant.

That afterwards, on the 24th day of October, 1958, the plaintiff below (appellant herein) filed a petition to modify the order as to the custody of said minor child, and that afterwards on the 24th day of November, 1958, plaintiff (appellant) filed affidavit for a change of judge; that on the 5th day of December, 1958, one Frederick E. Rakestraw was properly selected from a panel submitted by the regular Judge as Special Judge to try said cause, pursuant to Rule 1-12 of the Supreme Court. Said Special Judge thereafter filed his written qualifications and oath and assumed

jurisdiction of said cause on the 18th day December, 1958.

The powers of a person selected as a special judge are defined by §2-1425, Burns' 1946 Repl., which provides, as follows:

"If the person selected consents to serve, he shall be qualified as other judges, and his appointment shall be filed with the clerk and entered on the order book; and he *shall have power to hear and determine such cause until the same is finally disposed of*, or change of venue thereof in proper cases." (My emphasis)

Our court, in construing the foregoing statute in the case of *Miller* v. *Seiler* (1924), (T. D.), 82 Ind. App. 36, 40, 41, 142 N. E. 719, stated:

". . . a special judge is appointed to hear and determine a designated cause, such special judge, having qualified, acquires exclusive jurisdiction of the case *throughout all of its stages*, with substantially the same powers as to that case as the regular judge would have had. *Perkins* v. *Hayward* (1890), 124 Ind. 445, 24 N. E. 1033. See, also, *Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990." See, also, *State ex rel. Hodshire* v. *Bingham, Judge* (1941), 218 Ind. 490, 491, 33 N. E. 2d 771. (My emphasis)

It also appears that on the 12th day of December, 1958, the defendant (appellee) also filed a cross-petition seeking custody of said child.

After submission, on the 2nd day of January, 1959, the trial court found against the plaintiff (appellant) on her petition to modify the divorce decree, and found for the defendant (appellee) upon his cross-petition and entered the following order, the pertinent parts of which follow:

". . . It is, therefore, ordered and decreed that the custody of Roxanne Heller shall be given to the defendant Morris Heller, and that he retain

the custody of said child until such time as the plaintiff may have provided a suitable home for said child within the jurisdiction of this Court and until further order of this Court. . . ."

The record further reveals that on the 24th day of March, 1959, the defendant, appellee herein, filed a verified petition to modify the order of January 2, 1959, before Frederick E. Rackstraw, Special Judge, and, thereafter, on the 15th day of April, 1959, before the same Special Judge, the plaintiff (appellant) filed a cross-petition for change of custody of said minor child.

It is to be noted that the appellant filed a counter-petition before said Special Judge and did not request that the cause be remanded to the regular Judge, nor did the appellant question the Special Judge's jurisdiction at that time. I do not believe it necessary to cite authority that it is the general rule of law that the jurisdiction of a judge over a particular case must be raised in the first instance and in this case a motion to remand if the appellant was correct was the proper procedure to follow under such circumstances.

It further appears from the record that on the 9th day of May, 1959, the parties were in court by counsel pursuant to the notice that the subsequent and supplemental petitions of the parties would be heard at that time. It also appears that Plumber & Plumber, counsel for the plaintiff, withdrew their appearance for said plaintiff (appellant) and thereupon, Bangs & Yates entered their appearance for the plaintiff (appellant) and filed written objections to the jurisdiction of the Special Judge, said pertinent part of said motion stated, "that jurisdiction of the said Frederick E. Rakestraw ceased and terminated upon the entry of his final decree on January 2, 1959." Said motion was overruled.

It is apparent from the record that the trial court, by overruling the motion questioning his jurisdiction, considered and held that the matter of the custody of said minor child was not finally terminated under the order the court entered on the 2nd day of January, 1959, on the original petitions of the parties, but only temporarily disposed of the question of custody until certain conditions were performed and held in abeyance a final order for further consideration.

It is my opinion that the court's ruling was correct, as it affirmatively appears that the trial court by its order, as heretofore above set forth, temporarily placed the custody of said minor child in the defendant until such time as the plaintiff provided a suitable home for said child within the jurisdiction of the court, and, by such verbiage, expressly retained jurisdiction over the parties and over the subject matter until the conditions set forth in the order were performed. The order was made for the child's benefit and was and still is one which it is entitled to have executed in all of its detail.

I believe the general rule to be that where a court has retained a continuing jurisdiction by proper reservations in its decreee and/or order it may exercise its jurisdiction as occasion may require to enforce and/or make such modification by further order as it deems wise for the welfare and the benefit of said minor children. Had the order now before us been final, as the one made in the recent case of *Haag* v. *Haag, supra,* I would agree with the majority result.

We must be mindful of the difference in the order made in the case of *Haag* v. *Haag, supra,* and the case at bar. In the Haag case, the final order read:

"Said petition for modification is now denied."

and, under such verbage, I agree that this particular order is final, complete and conclusive on its face and puts at rest forever the controversy involved on those particular petitions to modify filed by the relators in that particular case, and, as Judge Bobbitt stated in the Haag case, *supra,* was appealable as a final judgment under the civil code. It has been said by our Supreme Court that whether an order or decree is final or interlocutory is not determined from the character of the proceedings in which it is entered, but from the character of the relief granted. *Smith* v. *Zumpfe* (1940), 217 Ind. 431, 27 N. E. 2d 878.

The test of the order before us as I see it under the Haag case, *supra,* and the cases of *Smith* v. *Zumpfe, supra,* and *Stone* v. *Stone, supra,* is, was the status of the child fixed by the order entered an adjudication which concluded both the court and the parties on the facts involved? To me, the answer is, no, as the order now before us only temporarily disposed of the question of the custody of the child because it placed the child in the custody of the defendant "and that he retain the custody of said child until such time as the plaintiff may have provided a suitable home for said child within the jurisdictiin of this court . . . ." This, I believe, brings the mater within the principle of law as announced by our Supreme Court in the case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, at 528, 104 N. E. 2d 669, wherein our Supreme Court stated:

". . . and a judgment is not final unless it determines the rights of the parties in the suit, or a distinct and definite branch thereof, and reserves no further question or *direction for future determination. Bozovichar* v. *State* (1952), 230

Ind. 358, 103 N. E. 2d 680; *Ebenezer Old People's Home* v. *Bernhard* (1935), 100 Ind. App. 636, 642, 196 N. E. 129; *Ragle* v. *Dedman* (1910), 45 Ind. App. 693, 695, 91 N. E. 615; *Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 175, 44 N. E. 191." (My emphasis)

I do not believe that we can say as a matter of law that the foregoing order is final, complete and conclusive on its face, for if such were true, then we would be faced with the fundamental principle of law that a final judgment shall put at rest forever the controversy involved in the litigation. See *Chicago, etc., R. Co.* v. *Collins* (1924), (T. D.), 82 Ind. App. 41, 49, 142 N. E. 634, 143 N. E. 712.

It appears to me that in the case now before us the trial court, by order, expressly retained jurisdiction over the parties and the subject matter. The trial court had the power to make such an order if under the evidence the interests of the child required. See *Stone* v. *Stone, supra.* Therefore, the filing of the subsequent and supplemental petitions by the appellee and the appellant could not deprive the special judge of his jurisdiction in this particular case. Upon proper notice being given, it was the duty of the trial court to consider the allegations asserted in the relators' subsequent and supplemental petitions upon their merits and the court had jurisdiction to so do. See *On The Relation of Rosenbarger* v. *Mar. C. C. et al., supra; Miller* v. *Seiler, supra.*

By reason of what I have heretofore stated, I do not believe the trial court erred in overruling the appellant's motion for a new trial. I would affirm the judgment of the court below.

### Dissenting Opinion

RYAN, C. J.—While the majority opinion in this case has a seemingly sound basis in law, I cannot help but contend that in this particular class of case we have the exception that proves the rule.

It must be remembered that this is a special proceeding, and it seems to me the logical consequence of the majority opinion results in an abrogation of Supreme Court Rule 1-12B, which provides:

". . . a party shall be entitled to only one change from the county and only one change from the judge."

The result of the majority opinion is to permit an endless succession of changes of judge, since it permits such change in each and every successive petition which is filed to modify.

I would therefore hold, in this class of case only, that once one of the parties has taken a change of judge that thereafter such special judge would have jurisdiction if readily available or until he disqualified himself.

NOTE.—Reported in 181 N. E. 2d 530.