STATE EX REL. CANNON *v.* BITZEGAIO.

[No. 468S59. Filed June 11, 1968.]

*Jack H. Mankin,* of Terre Haute, for relator.

*Respondents, Pro se.*

PER CURIAM.—This is an original action originated by the relator against the regular presiding Judge of the Superior Court of Vigo County, Harold J. Bitzegaio, and Wendell Tennis, acting as special Judge, in Cause 49349 in said Superior Court. On July 17, 1967, a final decree of divorce in favor of the relator, making certain orders regarding the care, custody and support of five minor children of the parties, was granted by the acting special Judge. Thereafter, on February 20, 1968, the defendant in the above cause filed with the respondent special Judge, a petition to modify the final decree. The plaintiff in

said case and the relator in this action, moved to remand said cause to the regular Judge of the Superior Court of Vigo County objecting to the assumption of jurisdiction of the petition to modify by the special Judge. Said motion was overruled over the objections filed by the relator. Evidence was presented by the defendant. The relator by her attorney did not participate further in said action; did not cross-examine any witnesses of defendant, and presented no evidence on her behalf. At the conclusion of the hearing the acting special Judge entered an order with the Superior Court of Vigo County modifying the final decree previously entered in the cause. Thereafter, a motion was made before the regular trial Judge to vacate the action of the special Judge which motion was overruled.

Respondents have filed their return together with a memorandum, and relator has submitted a reply brief. There are two questions before this court: namely, does the jurisdiction of a special Judge terminate with the entry of decree; and secondly, is an original action the proper remedy under Supreme Court Rule 2-35?

The first question should be answered in the affirmative. In the case of *Heller* v. *Heller* (1962), 133 Ind. App. 259, 181 N. E. 2d 530, the majority of the court held that under Indiana practice the appointment of a special Judge to hear a motion to modify a custody order in a divorce decree is proper, and in this connection cited § 2-1410 Burns' 1946 Repl. which reads as follows:

"Special Judge—Qualification—Filing of appointment—Duration of power—[If the person selected consents to serve, he] shall be qualified as other judges, and his appointment shall be filed with the clerk and entered on the order book; and he shall have power to hear and determine said cause until the same is finally disposed of, or change the venue thereof in proper cases."

The majority of the court, referring to the case of *Haag* v. *Haag* (1960), 240 Ind. 291, 163 N. E. 2d 243, recognized that

in a divorce action the *court* has continued jurisdiction in respect to minor children of the parties and may, in a proper proceeding, modify the decree as it pertains to custody and support, at any time during the dependency of the children, as the circumstances of the parents may require and in order to serve the interest and welfare of the children; but it is the *court* that retains jurisdiction to modify its decree.

Again in the case of *Haag* v. *Haag, supra,* this court, referring to *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86, and *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493, concluded than an order for the custody and support of minor children entered subsequent to the divorce decree is, for the purpose of appeal, a final judgment appealable as such under the rules of civil procedure.

It follows, therefore, that the acting special Judge in rendering after trial his decree on July 17, 1967, entered an appealable order, thereby terminating his jurisdiction over subsequent petitions to modify the custody order. Under the authority of the cases cited in *Heller* v. *Heller, supra,* the special Judge had no jurisdiction over the subsequent petition in this case and consequently that entire proceeding before him was void.

It is to be noted that respondent Harold J. Bitzegaio, the regular Superior Court Judge, had disqualified himself and had actually testified as a witness before the special Judge. The disqualification applied only to the issues then before the Superior Court of Vigo County, and that disqualification terminated with the entry of the final decree of divorce. The Superior Court of Vigo County had continuing jurisdiction over the subject matter. In respect to the custody of minors in a divorce case without any specific reservation of jurisdiction in the decree see *Heller* v. *Heller, supra; State ex el. Kleffman* v. *Bartholomew Circuit Court* (1964), 245 Ind. 539, 200 N. E. 2d 278.

Inasmuch as the subsequent action of the special Judge, one of the respondents, was void, a writ of prohibition or mandate by this court is authorized to restrain and confine the lower court to its lawful jurisdiction. On the other hand, errors in the lower court which do not affect the jurisdiction are presented by way of appeal. *State ex rel. Sims* v. *Hendricks Circuit Court* (1956), 235 Ind. 444, 134 N. E. 2d 211; *State ex rel. Williams* v. *Goshorn* (1942), 220 Ind. 369, 43 N. E. 2d 870; *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268.

A mandamus action in the Supreme Court has been held to be a proper remedy to expunge from the record a void entry based upon a lack of jurisdiction in the lower court. *State ex rel. Medley et al.* v. *Markey, Judge*, (1950), 228 Ind. 299, 92 N. E. 2d 320; *State ex rel. Anderson-Madison County Hospital Development Corp.* v. *Madison Superior Court* (1964), 245 Ind. 371, 199 N. E. 2d 88.

The alternative writ of mandate heretofore issued should be made permanent.

Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 366.