## WHITE v. WHITE.

[No. 27,049. Filed May 31, 1938. Rehearing denied July 7, 1938.]

*Roy C. Sutherlin, Albert E. Williams,* and *W. M. Sutherlin,* for appellant.

*James & Allee,* for appellee.

TREMAIN, J.—This action was commenced by the appellant in the Putnam Circuit Court of Putnam County, Indiana, on the 10th day of November, 1937. She filed a verified petition, which was amended on November 26, 1937, in which she prayed for a writ of habeas corpus.

She alleged that she was the mother of James W. White, a minor child of appellant and appellee; that in November, 1936, the parties were residents of Wayne County in the State of Michigan; that, in the circuit court of that county, she was granted a divorce from the appellee and was given the custody of their said child; that the Wayne Circuit Court had jurisdiction of the parties and subject-matter, and provided in the

decree that the appellee should pay to her the sum of $8 per week for the support of her and the child; that such order should continue until the child was 17 years of age, or until further order of the court; that the appellee was given the privilege of visitation with his child and to have it visit with him at certain times.

The petition alleged that, in August, 1937, the appellee "forcibly, wrongfully and without the knowledge or consent of this petitioner, or without the knowledge or consent or order of said court took possession of the body of said child and carried it to the house of Mr. B. F. White, near Cloverdale," in Putnam County, Indiana, and wrongfully restrained it and deprived the appellant of its custody, in violation of the order and decree of the Michigan court. A copy of the proceedings and decree of the Circuit Court of Wayne County, Michigan, was made part of the petition.

Upon the filing of the petition, a writ of habeas corpus was issued to the appellee commanding his appearance in court. Pursuant to the order, the appellee appeared and filed a verified return in which he admitted that he and the appellant were formerly husband and wife; that James W. White, named in the petition, is their child, born on January 23, 1932; that the divorce decree was entered by the Circuit Court of Wayne County, Michigan, as alleged in the complaint; that, since the divorce was granted, the parties have lived apart, the appellant living in the City of Detroit in the State of Michigan and the appellee in Cloverdale Township, Putnam County, Indiana. The return alleged that the appellant does not have a suitable home in which to properly maintain and support their child, and because of that fact the appellant and appellee mutually agreed, in December, 1936, to modify the decree of the Circuit Court of Wayne County, Michigan, in the interest and welfare of their child, and that such child should be

taken to the home of the appellant's sister in Springfield, Illinois, and should remain there as long as conditions were to the best interest of the child; that, pursuant to said mutual agreement, the child was removed from the jurisdiction of the Michigan court and placed in said home.

It is further alleged that, since the child was taken in the State of Illinois, the petitioner has become and is an unfit person to have the care and custody of the child; that she has no home in which to keep and maintain it; that she is employed, and if she had the care and possession of their child, it would be left to the care and charge of strangers; that, after the child was taken to Springfield, Illinois, the appellee visited it and learned that it was becoming estranged from him and was kept in a home where it was not receiving the proper care and training; that, upon learning the conditions and surroundings of the child, he removed it to the home of his father in Putnam County, Indiana, where the child is being well cared for, and is in the company of its father, grandfather, and grandmother, and is being supported and provided for under environments conducive to the child's health, interest, welfare, and happiness; that the appellant has no means with which to clothe, care for, and educate the child, and no home in which to keep it, except in a rented room where it would be left all day without the personal attention of either parent or relative; that, on account of conditions now existing, the welfare of the child requires that it remain with appellee and his parents; that his father and mother, with whom he lives and where he supports their child, have no other person residing with them; that they have a good home for the child conducive to its well-being. The return asked that the custody of the child be given to the appellee.

Upon the filing of said return, the appellant filed ex-

ceptions thereto, as follows: (1) That said return does not show a sufficient cause for the detention of James W. White; (2) that it is not a sufficient answer to the petition herein; (3) that it does not set out the judgment of the Wayne Circuit Court of the State of Michigan on which the return is based; (4) that it does not state facts sufficient to constitute a defense to petitioner's petition and does not show a sufficient cause for a detention of the child.

Also, appellant filed a motion to strike out parts of the return, which was overruled by the court. The court overruled appellant's exceptions to the appellee's return, to which ruling the appellant at the time objected and excepted. The record recites that the appellant refused to plead further and elected to stand upon the ruling on her exceptions to appellee's return. Following a recital of this fact, the finding of the court is:

"Defendant's amended return to the writ being now taken as true, the Court finds that the Defendant should be discharged from the writ of habeas corpus and recover his costs herein against the Plaintiff taxed in the sum of $......... Judgment on finding."

Thereupon appellant appealed to this court, and assigns as error that the court erred in its failure to proceed in a summary manner to hear and determine the question of the restraint of the child, in overruling appellant's motion to strike out part of the amended return, in finding that the statements contained in the amended return were true, in dicharging the appellee from the writ of habeas corpus, "in rendering a finding and judgment which inquires into the legality of a judgment and finding of a court of equal and competent jurisdiction in the absence of any allegation of fraud."

The first proposition discussed by the appellant is that the court erred in not disposing of the proceeding in a

summary manner, after her exceptions had been over-
ruled and she had declined to plead further. Section
3-1917 Burns' Ind. St. 1933, section 1032 Baldwin's Ind.
St. 1934.

The appellant did not file an answer to the return
of the appellee. When the court overruled her exceptions
to the return and she refused to plead further,
the legal effect of such refusal upon her part was
to admit the truth of the facts stated in the re-
turn. This court has recognized this proposition and so
held in *Kemper* v. *Metzger* (1907), 169 Ind. 112, 81 N.
E. 663; *Joab et al.* v. *Sheets* (1884), 99 Ind. 328.

It was entirely proper for the court to render judg-
ment under the circumstances, provided the return shows
a changed condition in the relation of the par-
ties to the divorce proceeding, relative to the
care, custody, control, and well-being of the child.
Under the rule of comity among the states, a decree of
divorce, awarding the custody of the child of the mar-
riage, must be given full force and effect in other states.
The decree of the Michigan Circuit Court granting the
divorce cannot be attacked in a court in this state in
such manner as to affect the divorce decree. That decree
is valid in fixing the care and custody of the child under
the circumstances then existing, and cannot be changed
or modified by the court of a sister state, in the ab-
sence of fraud, unless and until conditions are presented
to the court of the sister state which show that it would
be for the best interests of the child to modify the
decree.

At the time these proceedings were commenced the
child was residing in Putnam County, Indiana. Ac-
cepting as true allegation of the return that it
was in a good home, well cared for and being edu-
cated; that its parents had removed it by mutual
agreement from the jurisdiction of the Michigan court

to the State of Illinois, where, the return alleges, it did not have a suitable home and was not being well cared for, and was then brought to this state by its father and placed in a good home; that the mother had no home in which to keep the child in the State of Michigan, it cannot be said that the conditions had not changed since the divorce was granted.

The trial court had jurisdiction of the parties, and, having in mind the welfare of the child only, possessed the power and authority to enter the decree herein. *Weber* v. *Redding* (1929), 200 Ind. 448, 163 N. E. 269; *Ansorge* v. *Armour* (1935), 267 N. Y. 492, 196 N. E. 546; 72 A. L. R. 448, under title of "Changed circumstances;" 20 A. L. R. 822, under the title designated above. These annotations collect the decisions, both state and federal, and fully justify the action of the lower court.

The appellant complains because the court overruled her motion to strike out parts of the return. The parts sought to be stricken out relate to the changed conditions of the parties since the decree of divorce was granted. The motion was properly overruled.

It was not necessary to file a copy of the Michigan decree with the return, since it was copied in full in the petition of appellant.

Finding no error in the record, the judgment of the lower court is affirmed.