MCTARSNEY *v.* HUGHES.

[No. 30,198. Filed October 31, 1963.]

*Acher, Young & Pushor,* of Franklin, for appellant.

*Owen & Stewart,* of Indianapolis and *Albert W. Ewbank,* of Indianapolis, for appellee.

LANDIS, J.—This habeas corpus action was brought by appellee-mother for the custody of her minor daughter, three years of age. The action was brought against the maternal grandfather of the child, who is also the father of appellee.

The lower court heard the case upon agreement of the parties on the basis of their verified pleadings (the petition for the writ and the return) without additional evidence, and rendered finding and judgment for appellee-mother granting her custody of the child, adjudging that the child was unlawfully retained by appellant and should be discharged from his custody. Appellant's motion for new trial was overruled and he has appealed contending the decision of the court is not sustained by sufficient evidence and is contrary to law.

The petition for the writ and the return omitting formal parts are as follows:

"PETITION FOR WRIT OF HABEAS CORPUS

"(1) Diana Kay Hughes, being first duly sworn upon her oath says that Gina Marie Cordray is her minor child; that said child was born on the 17th day of June 1958; that said Diana Kay Hughes is entitled to the immediate possession of said minor child.

"(2) That Morris McTarsney has the custody of said child and now restrains her of her liberty and deprives your petitioner, Diana Kay Hughes, of the possession of her, by physically confining her in his, the said Morris McTarsney's dwelling house, situated at 905 North Yandes Street of the City of Franklin in said County of Johnson and State of Indiana.

"(3) That said restraint is wholly unlawful and without right;

"WHEREFOR, your petitioner prays for a writ of habeas corpus, and that said Gina Marie Cordray be delivered up to her."

. . . . . .

## "RETURN TO PETITIONER'S WRIT OF HABEAS CORPUS.

"Morris McTarsney, being duly sworn upon his oath says:

"1. That he denies that he has unlawfully restrained Gina Marie Cordray of her liberty or that he deprived the petitioner herein, Diane [sic] Kay Hughes, of the possession of her, but that he says Gina Marie Cordray mentioned in the writ of habeas corpus herein is residing with him and his wife in the County of Johnson, State of Indiana.

"2. That he is the maternal grandfather of the said Gina Marie Cordray, who is a minor child, age three years; that this respondent is in good health and is able and willing to care for, maintain and educate said child; that he desires to have and is entitled to have the custody and companionship of Gina Marie Cordray and does keep and restrain her but that he lawfully restrains her as the grandfather of said child and not otherwise.

"3. That he is the father of petitioner herein, Diane [sic] Kay Hughes; that after the birth of said child, the said Diane [sic] Kay Hughes, his daughter, brought the said Gina Marie Cordray to his home to live and that affiant herein provided a home, room and board for the said Gina Marie Cordray and her mother, the petitioner herein, Diane [sic] Kay Hughes, from the time of the birth of said child, June 17, 1958 until about the first of March 1959.

"4. That during said period of time said Diane [sic] Kay Hughes had contributed nothing to her support or the support of said child but that affiant herein supported both of them in his home.

"5. That on or about the first of March 1959 the said Diane [sic] Kay Hughes left the home of affiant herein and left the child, Gina Marie Cordray, in the care and custody of affiant herein and his wife to care for, keep and rear.

"6. That affiant and his wife then and there accepted said trust and promised and agreed with said Diane [sic] Kay Hughes that they would

take, keep and rear said child in all respects as if she was their own, and did thereupon immediately keep said child and have kept, cared for and reared her and have fully discharged their duties towards said child in all respects as if she were their own. That they have become greatly attached to said child and regard her as if she was their own child, and that said child has become greatly attached to this affiant and his wife and loves them and regards them as her parents.

"7. That during all of said time this affiant and his wife have maintained, kept and clothed said child and have cared for her in health and in sickness wholly without any assistance from the petitioner, Diane [sic] Kay Hughes or from the father of said child. That during all of said time the petitioner herein, Diane [sic] Kay Hughes, has wholly abandoned the care, custody and keeping of said child to affiant herein and his wife.

"[8.] Affiant would further show that the health and welfare of said child would be best served by the child remaining in the home of affiant herein in a stable and continuous environment, with which said child is familiar; that the petitioner herein, Diane [sic] Kay Hughes, has no fixed home or abode; that she cannot and will not be able to care for and rear and educate said child in a suitable and proper manner.

"[9.] That by reason of these premises this affiant and his wife as grandparents and as natural guardians of said child are entitled to continue to have possession and control of said child for the purpose of educating and rearing said child to a happy adulthood.

"[10.] That the said Morris McTarsney now produces the body of said Gina Marie Cordray in Court, together with said writ as he is therein commanded."

The appellant on this appeal argues that no denial having been filed by appellee to appellant's foregoing return of the writ, the verified return must be taken to be true as appellee in legal effect has admitted the facts therein stated, citing: *White*

v. *White* (1938), 214 Ind. 405, 410, 15 N. E. 2d 86, 88. This Court has also similarly held to the same effect in *Kemper* v. *Metzger* (1907), 169 Ind. 112, 122, 81 N. E. 663, 667, and *Joab et al.* v. *Sheets* (1885), 99 Ind. 328, 333, and it cannot be doubted that such rule is well established in the decisions of this state.

We are therefore presented on this appeal with the question of whether the lower court's decision awarding the child to appellee-mother can stand in the face of the undenied and uncontradicted averments in appellant's return which here must be deemed to be true. In our judgment it cannot prevail.

The appellant's return above set forth, in substance asserted that said appellant was in good health, and that such child, since she was left with appellant and his wife by appellee-mother, had been cared for and reared by such grandparents properly as if such child were their own; that they had provided both said child and appellee-mother with a home, room and board from the time of the child's birth until the mother left the following year, at which time they agreed to keep the child and rear it as their own; that they had fully discharged their duties toward said child in all respects and provided such child with a proper and stable home environment; that they and the child had become greatly attached to each other, loved each other, and that the said child regarded appellant and his wife as her parents; that appellee-mother, on the contrary, had wholly abandoned the care and custody of the child to appellant and had contributed nothing toward the support of such child before or after she left the child, and had no fixed home or place of abode and cannot care for, rear or educate said child in a suitable and proper manner.

Appellee's petition for habeas corpus merely contained the usual allegations that Gina Marie Cordray was appellee's minor child, that appellee was entitled to the possession of the child and that appellant unlawfully restrained such child of her liberty and appellee of the possession of said child by confining her at appellant's dwelling house.

As the lower court was bound by the evidence submitted in the form of the verified pleadings before it and as such pleadings disclose that the child was being properly cared and provided for by the grandparents in a suitable home environment, whereas appellee-mother had no fixed home or place of abode and was unable to care for and rear the child in a suitable and proper manner, it must be concluded there is no probative evidence to sustain the trial court's finding granting appellee custody of the child and adjudging that the child was unlawfully retained by appellant and should be discharged from his custody.

Judgment reversed with directions to sustain appellant's motion for new trial.

Myers, C. J., and Achor, Arterburn, and Jackson, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 366.