## WIBLE v. WIBLE.

[No. 30,506. Filed March 5, 1964. Rehearing denied April 20, 1964.]

*Albert W. Ewbank* and *George A. Henry*, both of Indianapolis, for appellant.

*Donald J. Bolinger*, of Kokomo, and *Ruckleshaus, Bobbitt & O'Connor*, of Indianapolis, for appellee.

ARTERBURN, J.—This is an appeal from a judgment of the court entered upon a motion to modify the permanent custody of the children of the parties to this cause. After being married approximately twelve years, the parties were divorced on April 1, 1960. They had three minor children (ages 10, 7 and 6), whose custody was given to the mother (the appellant) at the time of granting of the divorce. The petition to modify the permanent custody of the children was filed approximately six to seven months later, specifically November 7, 1960. In a motion for a new trial, which was overruled, the appellant states that there was no evidence nor allegations of any material change in conditions to support the court's modification of the judgment fixing the permanent custody of the children.

As we read the briefs on each side of the controversy, we are led to believe that these parties, both hot-tempered and contentious, were inclined to quarrel over petty matters as easily as over more important issues. It appears that at visitation time both parties showed little restraint or toleration towards each other in the meetings. Quarreling arose because the mother was not as punctual as she probably should have been in having the children ready, or because the children were sick with the mumps, or happened not to be at home at the time. An illustration of the difficulties of the two is: At one time when the children were placed in the car to be taken away by the father for a visit, the mother claims she opened the door to kiss her daughter goodbye and the father started the car up, injuring her to some extent, while the father claims that the mother attempted to grab the child and take her out of the car to keep her from making the visit. It is with such factual background

and similar contentions that the briefs of both parties are filled.

The trial court in such matters as this must be concerned solely with the welfare of the children and not with the desires of the parents. It is claimed by the appellant that the trial court held her in contempt for her failure to comply fully with the order of visitation, and punished her by depriving her of the children. Of course, the custody of children cannot be used as a means of punishing the parents. It is the children's welfare—not the parents'—that must control the actions of the court.

It is further contended by the appellant that although the court was presented with the petition to modify on November 7, 1960, the special judge appointed to hear the petition to modify continued the matter with hearings from time to time until May, 1962, when he finally made the order changing the permanent custody of the children to the father. During that time the court made interlocutory orders, temporarily giving the custody of the children to the father. The appellant claims that during this time the trial court permitted the appellee to have the custody of the children and to use many months "as a build-up of proof" to be used on the final hearing; that the court permitted the introduction of evidence that occurred subsequent to the filing of the petition to modify on November 7, 1960 and thus gave the appellee a chance "to make a case for himself".

Regardless of all these contentions, it appears to us that we may not re-try the facts or weigh the evidence, as the parties apparently desire us to do on appeal. Rather, we are limited to a consideration of whether or not the trial court, in a sec-

ond petition to modify the order for the permanent custody of the children (reviewed by a second judge) had sufficient ground therefor. Was there a substantial change in condition? The second petition to modify the judgment fixing the permanent custody of the children contains no allegations that there has been a substantial change in their condition. The only allegation in the petition for change of custody that even attempts to show a change in condition is that allegation which alleges that the plaintiff moved the children from the Kokomo school system where they were attending school, and took them to Indianapolis. The evidence on this point shows that the appellant-mother gave up the property in which she was living in Kokomo to the appellee-father, since it was given to him as part of the settlement in the divorce action, and moved to Indianapolis. There she rented property near her father and mother—both of whom were physicians. There was evidence to the effect that this made the appellee-father angry because he desired them to stay in that home and make the mortgage payments thereon. There is no evidence, however, which shows that this change in the schooling of the children was unwarranted, unreasonable, or, in fact, was injurious to the children.

There was a great deal of evidence with reference to the illness of the mother. The evidence was that the father even told the children not to mind the mother—that she was "sick in the head". However, when he married her he knew of her temperament and that certain drugs were prescribed which she used during the twelve-year period they were married. The appellee is a physician.

Appellant contends all these issues bearing on the custody of the children were gone into and considered

in the hearing for a divorce and the custody of the children; that this second hearing on the petition to modify their custody is simply a rehash of the first hearing.

Appellee, on the other hand, says the evidence as to what was heard in the divorce case on the issue of the permanent custody of the children is not in the record and may not be considered by this court. Nevertheless, we point out that the burden is on the petitioner below, who asks for a modification of a custody order, to allege and also to prove a substantial and material change in the condition affecting the welfare of the children. The proof must show there has been a change of conditions from those existing at the time of the divorce before their custody may be changed. The burden thus being upon the petitioner to show and prove such changes, we find there is a failure in the record both to allege and prove that essential element to sustain the petition. Some of the evidence does relate back to and cover the period of the hearing on the divorce and the permanent custody of the children, particularly the illness and sickness of the appellant-mother, upon which specific emphasis seems to be made in the briefs. The evidence shows plainly that she had been ill for a period of twelve years or more, that her husband was aware of it and that he was aware of her taking medicine because of her condition. We find no evidence of any material change in that condition, nor is there any allegation in the petition to modify that there had been a material change in her physical or mental condition. We may assume that the trial court, at the first hearing in the divorce case with reference to the custody of the children, took all these charges and conditions into consideration and determined, never-

theless, that it was for the best interests of the children that they remain with their mother. No parents are perfect in their conduct, regardless of which parent is given the custody.

There was no evidence nor finding that the appellant-mother was of bad moral character or that she was an unfit person to have the custody of the children. True, another judge heard the petition to modify. However, that incident emphasizes to us the importance of the principle that a modification of a permanent order of custody cannot be made without a showing of a substantial change in conditions which affect the welfare of the children. *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 102 N. E. 2d 499; *Morrison* v. *Morrison* (1960), 130 Ind. App. 270, 164 N. E. 2d 113; *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. 2d 915; *White* v. *White* (1938), 214 Ind. 405, 15 N. E. 2d 86.

In *Adams* v. *Purtlebaugh, supra,* at pp. 274, 275, approximately five to six months after the divorce fixing the permanent custody of the children, the trial court, on petition, changed the order, and stated:

"The cause relied upon in this petition to justify the modification of the decree must be that since the last order there has been a change in conditions *of such a decisive character* as to make it necessary for the welfare and happiness of the child that the requested change in care and custody be made. If such a vital change in conditions is not averred and not shown by the evidence and found by the court, no change in care and custody can be made. [Citing cases] The action of the trial court reviewing the original custody judgment or that judgment as it had been amended is error. (Our italics)

. . . . .

"In the instant petition there is no averment of a change in conditions occurring since the last

hearing, of such character as to make it necessary that the care and custody be changed; and no evidence to support a finding that there had been any change in conditions during that period of any kind. It has been a fixed policy of the courts to arrange for custody of children of divorced parents on a basis of permanence to the extent that conditions will permit, providing of course for visiting periods for the parent not having custody. This is on the theory that a permanent residence is best for the welfare and happiness of the child."

There is reason and logic in such a principle of law. The purpose of such a rule in the law is that the welfare of the children and their custody should not continually be changed, and left uncertain, thus creating instability in the living conditions of the children. It is their welfare—not that of the parents—that should be the primary concern of the trial court.

Were the principle with which we are concerned otherwise, the dissatisfied party could continually harass the other party and the courts with petitions to modify, securing a change of judge and have that particular person as judge again review the facts and the evidence, hoping that such new judge would have a different viewpoint and thus change the custody. That would not put an end to the controversy, for then the other party could immediately file a petition to modify without alleging or showing any change in condition, and get another judge to review substantially the same facts, hoping again that this new judge would have a different viewpoint. Thus, there would be no end to such litigation were it not for the principle here involved, which required a showing of a substantial change in conditions. In this case there will be no end to the litigation unless that principle is invoked, as we read the evidence and understand

242

the temperament of the parties involved. The welfare of the children is of the first importance in issues of this sort.

For the reasons stated, the judgment is reversed, with instructions to grant appellant's motion for a new trial, and for costs against petitioner.

Landis, C. J. and Achor and Myers, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 196 N. E. 2d 571.