JUDITH CORNELL *v.* DARRELL CORNELL.

[No. 2-1173A248. Filed May 8, 1974.]

*Louis Pearlman, Jr.,* of Lafayette, for appellant.

*William K. Bennett, Bennett, Boehning & Poynter,* of Lafayette, for appellee.

### ON APPELLEE'S MOTION TO DISMISS

PER CURIAM—This cause is pending before the Court on the appellee's Motion to Dismiss which alleges as cause therefor that the appellant is in contempt of the trial court and therefore has no standing to prosecute her appeal in this Court.

This is an appeal from a judgment modifying a previous decree of divorce by changing the custody of the minor child of the parties from the appellant to the appellee. Appellee alleges that on the date of the judgment, June 28, 1973, appellant left her employment and removed herself and the child, secretly and surreptitiously, to parts unknown. The record reveals that on July 2, 1973, appellee filed Petition for Citation and Attachment. On July 23, 1974, the Superior Court No. 2 of Tippecanoe County entered its order finding appellant guilty of contempt.

Appellee's Motion alleges that appellant remains in contempt, and that appellant continues to this date to defy and frustrate the order of the court by placing herself beyond the law and she continues to withhold the child from the possession and custody of the appellee. The appellant has made no response to appellee's Motion in denial thereof.

The issue raised by appellee's Motion was decided by our Supreme Court in the case of *Michael* v. *Michael* (1969), Ind., 253 N.E.2d 261. In the *Michael* case the appellant sought to appeal a judgment which changed the custody of a minor child. The appellee filed a motion to dismiss the appeal alleging that the appellant had taken custody of the child in violation of the trial court's custody decree and had wrongfully removed the child from the state to places unknown. The Supreme Court dismissed the appeal, stating in part as follows:

> "Here we have the appellant in the defiant position of removing himself and the child from the state in violation of a court order and still requesting appellate review from this Court. We can hardly be expected to undertake review while appellant reserves the power to place himself beyond the law and render wholly ineffectual any adverse determination we might make.

> "Appellant leaves us with no alternative but to exercise the only available means of sustaining the effectiveness of our judicial process. Appellant has had ample opportunity to present an excuse for his flagrant disobedience or to return the child, but has not seen fit to purge himself. One who has wilfully defied the mandate of a court cannot then compel a court to do his bidding. In reaching the conclusion that we do, we have the support of the overwhelming majority of other jurisdictions that have been confronted with the problem."

> \* \* \*

> "The appellant no doubt is awaiting a favorable outcome of this appeal outside the jurisdiction of the court, thereby playing 'cat and mouse' with the court's jurisdiction. If he is successful he will return. The court's jurisdiction and its proceedings cannot be trifled with in the fashion such as revealed here. The appellant has had more than sufficient time to purge himself of contempt and submit to the jurisdiction of this Court pending this appeal."

The same result must obtain in this case. The appellee's Motion to Dismiss is sustained and this cause is dismissed.

NOTE.—Reported at 310 N.E.2d 579.