LINDA LOUISE LEOHR *v.* THOMAS EDWARD LEOHR.

[No. 1-174A5. Filed September 18, 1974.]

*Edwards and Fountain,* of Spencer, for appellant.

*J. David Holt,* of Bloomfield, for appellee.

LOWDERMILK, J.—Plaintiff-appellant (Linda) was granted an absolute divorce from defendant-appellee (Thomas) on September 27, 1968. Linda was granted custody of the only child born to the parties (Eddie), with Thomas being granted visitation rights. On October 2, 1972, Thomas filed a petition to modify the divorce decree, asking that he be granted custody of Eddie. This petition was denied on November 22, 1972, with custody remaining with Linda.

On May 22, 1973, Thomas filed a second petition to modify the divorce decree and again requested that he be granted custody of Eddie. This petition was granted by the court on July 23, 1973, and removed custody of Eddie from Linda and established the custody in Thomas.

Linda timely filed her motion to correct errors which was by the court overruled.

The first and primary issue raised in this appeal is whether the trial court erred when it changed permanent custody of Eddie from Linda to Thomas. Linda urgently contends that the decision of the trial court is not supported by the evidence and is contrary to the evidence.

It is well settled in Indiana that matters of custody of minor children in divorce actions are governed by the best interests of the children involved. The primary consideration is with the welfare of the children and not with the desires and wishes of the parents. *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N.E.2d 571.

An examination of the record in this cause discloses that the trial judge fully recognized that his decision must reflect the best interests of Eddie rather than any desires or wishes of Linda and Thomas. On several occasions the trial judge stated that his primary goal was to reach a decision which was for the welfare of Eddie.

In a petition to modify custody of a minor child the burden is always upon the petitioner to show that a substantial change in conditions since the last order of the trial court had occurred which necessitated a change of custody. It is the duty of the trial court to hear all of the evidence, to judge the credibility of witnesses, and make a determination of whether there has been a substantial change in conditions which, in the judgment of the trial court, requires a change in custody. *Marshall* v. *Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807.

The trial judge in the case at bar heard a great deal of evidence at the modification hearing, as well as evidence in the earlier modification hearing in November of 1972. Thus, it is readily apparent that the trial court was well versed in the facts involved in this case and the circumstances of the parties. In his findings on the second petition to modify the trial judge indicated that his decision was a difficult one and that he was required to make his judgment based on facts which were presented to him rather than on any personal feelings which he might have. The primary basis for the decision of the trial court in changing custody from Linda to Thomas was that since the first modification hearing in November of 1972, a substantial change in conditions had occurred. The court indicated that the basic change in condi-

tion was a deterioration in the stability of Linda, as exhibited by her violent temper and her demeanor in court and the resultant effect that such instability would have on Eddie. There was evidence in the record that Linda had exhibited a violent temper on several occasions.

The first occasion occurred in the winter following the November, 1972, hearing. At this time Linda was married to one William Godwin, who testified that Linda and her mother quarreled violently and in his presence Linda drove her car in a totally reckless manner causing Eddie and another child to be thrown to the floorboards of said car as a result of the reckless driving. It can readily be seen that such behavior presented a serious danger to Eddie.

Following a separation from William Godwin, and shortly prior to their divorce hearing, another exhibition of violent temper by Linda was established by the evidence. In this instance Linda was in her car with Eddie being a passenger. An argument ensued between Linda and William Godwin, who was standing outside the car, and Linda apparently attempted to run down William Godwin and Mr. Godwin was able to save himself from injury only by jumping onto the trunk of his car, which was struck by the car which Linda was driving. Again, it can be seen that such violent displays of temper seriously endangered Eddie, who was a passenger in the car.

A third example of Linda's violent temper occurred when Thomas arrived at the residence of Linda to take Eddie, pursuant to the visitation order of the trial court. An argument ensued, during which Linda pulled the hair of Thomas, beat upon Thomas with her fists, and yelled profanities at Thomas. She also attempted to slam a car door on Thomas and ripped the side view mirror off of his car. All of this occurred in the presence of Eddie.

There was further evidence that Eddie would occasionally get on Linda's nerves and she would lose her temper and slap or hit Eddie in the first place that she could get at him. The

evidence disclosed that Eddie had behavioral problems and was paddled twice at school.

In his finding the trial judge indicated that he considered these violent acts of temper to be a serious danger to Eddie and concluded that a substantial change in conditions had occurred which required the changing of custody from Linda to Thomas so that Eddie might be provided with a wholesome and stable atmosphere, free of such exhibitions.

Linda has attempted to show that certain evidence was conflicting in nature and has contended that the evidence did not show a substantial change in conditions. However, it is fundamental that this court will not weigh the evidence and it is the duty of the trial court to weigh the evidence and to decide on the credibility of the witnesses. *Cox* v. *Cox* (1973), 155 Ind. App. 336, 292 N.E.2d 817.

On appeal this court cannot substitute its judgment for that of the trial court in deciding whether there was a decisive change in conditions which warrants a change of custody. Rather, this court can only examine the decision of the trial court and determine whether the record discloses evidence or reasonable inferences to be drawn therefrom which would serve as a rational basis to support the finding of the trial court that a change in conditions has occurred. This court need only decide whether the trial court abused its discretion. *Marshall* v. *Reeves, supra.*

In examining the evidence and the inferences to be drawn therefrom this court cannot weigh conflicting evidence, even though the evidence might support more than one conclusion. This court can only examine the evidence and reasonable inferences to be drawn therefrom which supports the decision of the trial court and determine whether the trial court abused its discretion. *Loeser* v. *Loeser* (1974), 160 Ind. App. 236, 311 N.E.2d 636.

We have closely examined the record in the case at bar and it is our opinion that the evidence most favorable to the

decision of the trial court and the reasonable inferences to be drawn therefrom is sufficient to support the decision of the trial court. It is our further opinion that the trial court did not abuse its discretion and this court may not interfere with the judgment of the trial court or attempt to substitute our judgment. *Cox* v. *Cox, supra; Loeser* v. *Loeser, supra.*

The second issue raised by Linda is that the decision of the trial court is contrary to law and that the trial court committed an abuse of judicial discretion. We have heretofore held that the trial court did not abuse its discretion and thus the decision of the trial court is not contrary to law. Linda has urged the test on appeal (abuse of discretion) is not the proper test to be used, but this argument has been answered contrary to Linda's contention in the case of *Marshall* v. *Reeves, supra.*

Linda has also contended that the petition of Thomas is not proper in that it does not specifically allege that a substantial and material change in conditions had occurred since the last order of the trial court. However, this issue was not raised in the trial court or in the motion to correct errors. It is fundamental that an appellant waives consideration of any issue not raised in a motion to correct errors and an issue may not be raised for the first time on appeal. *Clark Co. Board of County Commissioners* v. *King* (1974), 160 Ind. App. 152, 310 N.E.2d 560.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 316 N.E.2d 400.