DIANE M. LARKIN *v.* CHARLES R. LARKIN.

[No. 1-1074A150. Filed April 30, 1975.]

*Seth B. Lewis, Lewis & Hardin,* of Danville, for appellant.

*Robert E. Stewart, Guido & Stewart,* of Danville, for appellee.

ROBERTSON, C.J.—This is an appeal by petitioner-appellant, Diane Larkin, from the denial of her petition for a change of custody in which she contends that the trial court erred as a matter of law and abused its discretion by not ruling in her favor.

Finding no error of law or abuse of discretion, we affirm the ruling of the trial court.

The evidence shows that the parties separated in the spring of 1972. Since Diane was ill and required surgery the parties agreed to leave the child with a babysitter.

The divorce decree of October 13, 1972, granted custody to the father in accordance with the parties' agreement and gave Diane rights of visitation. Diane saw the child every weekend until January and before each visit called the father to verify the visitation agreement.

In January 1973, the father remarried and shortly thereafter the problems over the child began.

In April of 1973, the parties agreed that Diane could visit with the child on at least two weekends each month. The arrangement continued until July. At that time the father brought the child to his mother on the express condition that the mother not apply for a court order formally changing custody. The mother had actual custody of the child until September. During this period the father had visitation on every other weekend. The child was returned upon the demand of the father's new wife.

After the return of the child to the father, Diane did not see him again until October and then only by contacting the father away from his home. It appears that an antagonism had developed between Diane and the father's new wife, such that her calls to the father's residence were never completed.

After this point visitation problems became more serious, although the testimony was conflicting as to exactly what occurred. Diane testified that she arrived to pick up her son

on two separate occasions and each time was denied visitation and physically assaulted by the father's new wife. The wife testified, however, that she refused to allow Diane to take the child because she had threatened never to bring him back on the first occasion and the second time the child was suffering from chicken pox. There was also testimony that no significant visitation problems had occurred after this point.

Diane also testified that the child was unhappy and upset with the arrangement. However, testimony was also given to the effect that the child was happy and well-cared for.

Diane further testified that she would be willing to stay home and care for the child whereupon the other side countered with testimony to the effect that Diane worked during the day and would not be able to care for the child. There was also evidence that the child would not have to transfer from school if custody was changed.

On December 18, 1973, Diane filed a petition for change of custody from the father to herself. The petition was submitted to the court for hearing on two separate occasions, February 11, 1974, and later on May 21, 1974, when the evidence was concluded and the cause was taken under advisement.

On May 22, 1974, the court entered an order denying the petition.

Diane Larkin contends that the trial court erred as a matter of law and abused its discretion in not finding upon the evidence presented that a change of circumstances had occurred requiring a change of custody.

> The paramount and controlling considerations in all custody disputes are the welfare and best interests of the child. *Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 75 N.E.2d 417.

It is well settled that in change of custody cases the burden is on the petitioner to show such a decisive change of circumstances occurring after the initial order that a change of custody is necessary for the welfare of the child. *Wible* v. *Wible* (1964), 245 Ind. 235, 196

N.E.2d 571; *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 102 N.E.2d 499.

It is the duty of the trial court to hear all of the evidence and make a determination of whether such a substantial change of conditions had occurred which requires a change of custody. *Leohr* v. *Leohr* (1974), 161 Ind. App. 514, 316 N.E.2d 400; *Marshall* v. *Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807.

On appeal this court may not substitute its judgment for that of the trial court in deciding whether a change of custody should have been granted. As stated by our Supreme Court in *Brinkley* v. *Brinkley* (1965), 247 Ind. 201, 210 N.E.2d 850:

> "On appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." 247 Ind. at 204, 210 N.E.2d at 852.

We do not believe that the evidence presented in this case was such that the trial court could only have found that conditions had changed so significantly that a change of custody was required.

It is apparent that the bulk of the evidence concerned the problems that developed between the parties themselves and that little was introduced bearing directly upon the welfare and best interests of the child. The only change of circumstance upon which the evidence was without conflict was the fact that both parties had remarried. The rest of the evidence consisted of conflicting testimony concerning the husband's problems with his new wife, interference with Diane Larkin's visitation rights and the child's dissatisfaction with the custody arrangement.

Viewing the evidence in the light most favorable to the appellee, mindful that this court does not weigh conflicting evidence, we are of the opinion that the trial court did not err as a matter of law or abuse his discretion in denying the petition for change of custody.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

Note.—Reported at 326 N.E.2d 618.