BARBARA J. FRANKLIN *v.* JAMES A. FRANKLIN.

[No. 1-1275A31. Filed June 24, 1976.]

*Woodrow S. Nasser,* of Terre Haute, for appellant.
*Wallace H. Grosbach,* of Brazile, for appellee.

LYBROOK, J. — Defendant-appellant, Barbara J. Franklin (Barbara), appeals from the granting of the petition of plaintiff-appellee, James A. Franklin (James), to modify a custody decree. The modification order changed the custody of the minor child to James.

This appeal presents two issues for consideration by this court:

(1) Did the trial court abuse its discretion in modifying the custody order in light of the evidence presented at hearing?
(2) Did James' arrearages in support payments and previous violation of the visitation rights provisions of the original divorce decree preclude the trial court's consideration of James' motion to modify the custody order?

The facts most favorable to the judgment are: On November 16, 1972, after hearing evidence, the trial court granted James an absolute divorce from the defendant, Barbara. Custody of the minor child was awarded to Barbara, James was ordered to pay $15 per week support to Barbara for the

minor child and was given reasonable visitation rights. The parties were unable to agree to reasonable visitation rights, and at James' request the court ordered specific dates and times for plaintiff to visit the child.

On November 12, 1974, James filed a petition to modify the decree as to custody of the child. James contended that there had been a change in circumstances in the home life of the minor child and that it was no longer in the best interests of the child to continue in Barbara's custody.

At the hearing on the motion to modify the decree of custody, James testified as to the religious and social contacts of his ex-wife, and related that he had remarried. Barbara also testified as to her religious activities, her social acquaintances, and related that her son could make the decision for himself. In conformance with the parties' wishes, the child was examined privately by the trial judge in chambers.

The relevant findings by the trial court indicate that James was in arrears $240 in his support payments, that James had custody of the child for six weeks and should be credited $90, and that James shall have custody of the minor child.

## I.

Barbara first asserts that the trial court abused its discretion in granting James' motion to modify the order of custody. It is her contention that the trial court should not have granted the motion because there had been no change in conditions since the previous hearing and that she was not proven to be an unfit mother.

Examination of Indiana's new Dissolution of Marriage Act[1] is of some assistance in assessing the scope of the trial court's discretion. This Act specifically delineates the factors to be considered by the trial court in determining the best interests of the child. These factors are:

1. Acts 1973, P.L. 297, § 4 specifically states that the effective date of this statute is September 1, 1973 and specifically relates that this act shall be applicable to any subsequent action upon a final decree of divorce.

(1) Age and sex of the child;

(2) The wishes of the child's parent or parents;

(3) The wishes of the child;

(4) Inter-action and inter-relationship of a child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

(5) The child's adjustment to his home, school and community; and

(6) Mental and physical health of all individuals involved.

IC 1971, 31-1-11.5-21 (a) (Burns Code Ed. Supp. 1975).

In examining the wishes of the child, the court specifically is authorized to:

". . . interview the child in chambers to ascertain the child's wishes. The court may permit counsel to be present at the interview, in which event a record may be made of the interview and the same may be made a part of the record for purposes of appeal." IC 1971, 31-1-11.5-21 (d) (Burns Code Ed. Supp. 1975).

No cases have yet been reported interpreting these provisions of the Dissolution of Marriage Act. The section dealing with child custody does not specifically provide that a change of conditions must be present before the court can modify the custody decree. The guiding principle in this Act, as under prior decisions, is the best interests of the child. In determining what is in the best interests of the child it is unnecessary to find that the mother is unfit, for the father's position may have improved to the degree that the best interests of the child would dictate that the father have custody of the child. 24 Am. Jur. 2d § 823, p. 935. Prior to the enactment of the new statute, the Supreme Court in *Marshall* v. *Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807, was faced with the similar argument, namely that petitioner in the trial court had failed to demonstrate a change in conditions justifying modification of the custody decree. The Court of Appeals had reversed with Judge Buchanan dissenting. Justice Hunter affirmed the trial court's decision and adopted Judge Buchanan's opinion which stated:

". . . [The majority has] substituted the decisive change in conditions' standard described in *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 102 N.E.2d 499, and *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N.E.2d 571 (and other cases), which is an accepted rule governing *the trial court* in its determination of modification. Differently stated, the majority have used the trial court 'decisive change in conditions' rule as a fulcrum to weigh the evidence.

"By so doing fuel is fed into the flames of the apparent confusion over the respective roles played by these two rules—one designed for appellate tribunals appeal and the other for trial courts. *See, e.g.*, Note, 47 Ind. L.J. 129 (1971).

"In truth there need be no such confusion. A long line of Indiana cases clearly distinguishes these two standards, leaving to the *trial court* the question of whether or not there has been a decisive change in conditions while limiting the *appellate tribunal* to a determination of whether or not the evidence could serve as a rational basis for the court's findings." 311 N.E.2d at 811.

It is the duty of the trial court to determine whether there was a change in conditions which warranted a change in custody. This court's function on appeal is to examine the decision of the trial court and determine whether the record discloses evidence or reasonable inferences to be drawn therefrom which serve as a rational basis to support the finding of the trial court. *Leohr* v. *Leohr* (1974), 161 Ind. App. 514, 316 N.E.2d 400.

In the case here presented, several factors are apparent which support the trial court's findings. First, James had remarried and he and his new wife were able to maintain a home for the child. Secondly, because Barbara was required to work, the child was left with a neighbor and Barbara was not able to give her full attention to the child. Thirdly, the court was concerned with Barbara's social activities. Finally, the court must have considered the best interests and desires of the child when he was examined in chambers.

These factors indicate there had been a change in conditions. This is not to say that Barbara was an unfit mother, but simply that the conditions had changed and warranted that the cus-

tody be awarded to the father if the best interests of the child were to be considered. This court finds that the evidence and reasonable inferences to be drawn therefrom serve as a rational basis to support the finding of the trial court, and that the trial court did not abuse its discretion.

## II.

Barbara next contends that the trial court could not consider James' motion to modify custody in light of the finding that James was in arrears $240 in support payments and had violated the visitation provisons of the original divorce decree.

In support of her argument, Barbara has asserted that the case of *Cornell* v. *Cornell* (1974), 160 Ind. App. 150, 310 N.E.2d 579 should control. In *Cornell* this court dismissed the appeal of the defendant's wife while she was in contempt of the trial court's order modifying custody. The facts of that case reveal the defendant's wife, following the trial court's modification of the decree of custody, took the child and fled the jurisdiction. The trial court determined that the action was in violation of the modification order, and held the wife in contempt of court. Instead of purging herself from contempt the wife appealed to this court. The Court of Appeals, citing the Supreme Court case of *Michael* v. *Michael* (1969), Ind., 253 N.E.2d 261 held that a flagrant violation of the court's order was an attempt to subvert judicial process and such actions would not be condoned by a court on appeal. In dismissing the appeal, the court stated the proper remedy would be to purge one's self of contempt and then submit to the jurisdiction of this court.

In the case here presented, it is not denied by plaintiff that he was in violation of the previous support order and visitation rights. However, before the custody decree was modified, Barbara issued an order to show cause why James should not be held in contempt, and James had answered the order by returning custody of the child to Barbara. Thus, James was

never held in contempt because he did comply with the court's order to return custody to defendant.

The trial court subsequently modified the custody decree, ordered James to pay delinquent support payments, credited James with amounts he had actually expended in support of the child, and awarded custody of the child to James. Although the violations were factors to be considered, the trial court must consider all the relevant factors together and then exercise its discretion to serve the best interests of the child.

Barbara further contends that it was error for the trial court to credit James with the $90 for the period of time that he supported the minor child. The purpose of the support payments is to provide for the support and maintenance of the minor child. In light of the fact that James was totally supporting the child, it was well within the court's discretion to credit James with the $90.

For the reasons stated above, the judgment of the trial court is affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 349 N.E.2d 210.