**STATE of Indiana on the Relation of Joseph E. JEMIOLO, Relator,**

**v.**

**The LAPORTE CIRCUIT COURT and Robert S. Gettinger, as Judge Thereof, and Kendall I. Vail, as Clerk Thereof, Respondents.**

**The GUARDIANSHIP OF Daniel Evans JEMIOLO and Julie Ann Jemiolo, Minors.**

**Nos. 182S23, PS 483.**

Supreme Court of Indiana.

Dec. 21, 1982.

Joseph E. Jemiolo, pro se.

Robert S. Gettinger, Judge LaPorte Circuit Court, LaPorte, for respondents.

PRENTICE, Justice.

This cause is before us upon a Petition for Mandate and a *Pro Se* appeal. Both arise from Relator's attempt to obtain visitation rights with his two children.

Relator is incarcerated in the State Prison at Michigan City for the homicide of his wife. On June 22, 1979, Respondent appointed the maternal grandparents as guardians of Relator's two children. On December 4, 1979, Relator's parents filed a petition for custody and visitation, and the guardians filed a motion to dismiss the petition on December 7, 1979, to which Relator's parents objected on December 18, 1979, claiming that they sought only their own visitation rights and not a change of the guardians. Respondent held hearings of January 10, 1980 and January 18, 1980, and granted the motion to dismiss, subject to an amendment of Relator's parents' petition within fifteen (15) days. The petition was dismissed on February 21, 1980, for lack of the amendment.

Thereafter, on April 7, 1980, Relator filed a petition for visitation rights in the guardianship proceedings. Respondent denied the petition on July 23, 1980, after holding a hearing thereon. On October 7, 1980, Relator moved the respondent court to provide a transcript of the proceedings, at public expense, which motion Respondent denied.

On August 19, 1981, Relator filed a petition to establish visitation rights, a petition to prosecute as a poor person, and a motion for a change of venue from the county, all of which Respondent summarily denied. Subsequently, on September 23, 1981, Relator filed a motion to correct errors which motion Respondent also summarily denied. Relator then, by motion on November 1, 1981, attempted to obtain a record of the proceedings at public expense for use in an appeal from the denial of his motion to correct errors. Respondent notified Relator, by letter, that he would have to pay for a certified copy of the record and then effectively denied the November 1, 1981 motion by letter wherein he informed Relator that there is no provision in the law for an indigent to secure a transcript at public expense in a guardianship matter.

Relator filed an original action in this Court on December 7, 1981, by which he sought an alternative writ of mandate to

compel the Respondent and the clerk of the Respondent court to furnish a certified record at public expense, and by order of January 15, 1982, we ordered the clerk of the LaPorte Circuit Court to transmit a certified record "of all papers, pleadings, letters, entries, and orders" to the Clerk of this Court and invited a response from Respondent. Respondent filed a response on January 20, 1982, in which he stated that, upon transmittal of the certified record, Relator's prayer for relief will have been granted.

On April 2, 1982, we issued another order, which acknowledged receipt of a certified copy of the record, assumed jurisdiction over the appeal, entitling it "The Guardianship of Daniel Evans Jemiolo and Julie Ann Jemiolo, Minors," and set a briefing schedule. The matter has now been briefed and is before the Court upon the two issues presented by Relator's October 23, 1981 motion to correct errors:

1. Whether the trial court erred in denying Relator's August 19, 1981 motion for a change of venue from the county.

2. Whether the trial court erred in not allowing Relator to prosecute his claim for visitation rights as an indigent.

\*     \*     \*     \*     \*     \*

### ISSUE I

In Indiana change of venue from the county is not permitted in proceedings to modify child custody orders. *Clark v. Clark,* (1980) Ind.App., 404 N.E.2d 23, 34 (cases cited therein). Although visitation rights and custody rights are not synonymous, Ind.Code § 31–1–11.5–24 (Burns 1980), they are sufficiently interrelated, *In Re Marriage of Ginsberg,* (1981) Ind.App., 425 N.E.2d 656, 659, that a petition to determine visitation rights filed after a determination of custody is in the nature of proceedings supplemental. *See State ex rel. Greebel v. Endsley,* (1978) 269 Ind. 174, 175, 379 N.E.2d 440, 441.

From the correspondence in the record between Relator and Respondent, we note, as the Court did in *Clark v. Clark, supra,* that:

"Appellant seems to have made the common error of confusing the change of venue from the county aspect of Trial Rule 76 with the absolute right to change of judge provided by the Rule. The two are not synonymous." *Id.*

Consequently, Respondent did not err in denying Relator's motion for change of venue from the county.

### ISSUE II

Relator next contends that the Respondent erred in not allowing him to prosecute his second petition for visitation rights as an indigent. Contrary to his statements in the Brief, Respondent did entertain the petition, at least to the extent of summarily denying it.

In *K.B. v. S.B.,* (1981) Ind.App., 415 N.E.2d 749, the court explained the reason for requiring a showing of some change of conditions as a prerequisite for modifying the terms of visitation:

" * * * However, without a requirement of some change of conditions for modification, the prior decree delineating the non-custodial parent's visitation rights would have no finality. As our Supreme Court stated in *Wible v. Wible,* (1964) 245 Ind. 235, 241, 196 N.E.2d 571, 574:

" '[T]he dissatisfied party could continually harass the other party and the courts with petitions to modify, securing a change of judge and have that particular person as judge again review the facts and the evidence, hoping that such new judge would have a different viewpoint and thus change the custody. That would not put an end to the controversy, for then the other party could immediately file a petition to modify without alleging or showing any change in condition, and get another judge to review substantially the same facts, hoping again that this new judge would have a different viewpoint.'

"Although *Wible* deals with a petition to modify permanent custody, we believe the rationale used in *Wible* to be equally applicable to petitions to modify visitation rights." *Id.* 415 N.E.2d at 753.

In the case at bar, Relator filed two separate petitions. The one dated April 7, 1980 alleges that Relator is the natural father of the two minor children, who were born in Chicago and had lived with their natural parents in Illinois, that it would be in the children's best interests to visit their father once a month at the prison until his release, that the children reside with their maternal grandparents in LaPorte, and that Relator's sister would be responsible for transporting the children to and from the prison for the visits. As we noted above, Respondent held a hearing upon this petition after which he denied the petition in a written order. The order states that Relator had appeared at the hearing by his natural father.

■ Relator's second petition, dated August 19, 1981, contains the same allegations as the first, although somewhat more detailed, plus allegations that the children's mother died on December 9, 1978, that Relator is incarcerated in the State Prison at Michigan City, that Relator's former inlaws have thwarted his attempts to contact his children, that Relator's parents would transport the children to and from the prison for the visits, and that Relator retains the right of personal acquaintance with his children, citing *McCurdy v. McCurdy,* (1977) 173 Ind.App. 437, 363 N.E.2d 1298. On its face, this pleading contains no allegation of a change in conditions, which merits a reconsideration of the denial of visitation rights entered upon the first petition. *K.B. v. S.B., supra.* The pleading is analogous to one which fails to state a claim upon which relief can be granted. Ind.R.Tr.P. 12(B)(6). This Court will not sanction the summary disposition of a complaint which may be amended to state a claim; however, Relator has presented nothing which reveals that he would be able to amend the petition to add allegations, which if proved, would entitle him to relief. *See State ex rel. Calumet National Bank v. McCord,* (1963) 243 Ind. 626, 630, 189 N.E.2d 583, 585; *Yelton v. Plantz,* (1948) 226 Ind. 155, 162, 77 N.E.2d 895, 898. Consequently, we find no reversible error.

The relief sought in the petition for alternative writ of mandate has been granted, therefore, the petition is ordered dismissed as moot. There being no reversible error, with respect to the petition for visitation rights, the judgment of the trial court denying Relator's August 17, 1981 petition is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.