James K. Muehlhausen, R. Tod Groff, Logansport, for appellee.

Denise Rae SWARTZEL, Appellant (Respondent Below),

v.

Steven Paul SWARTZEL, Appellee (Petitioner Below).

No. 4-985A257.

Court of Appeals of Indiana, Fourth District.

May 8, 1986.

YOUNG, Presiding Judge.

Denise Rae Swartzel appeals the decision of the trial court denying her petition to modify the visitation provisions of the parties' dissolution decree. Although she presents several arguments for reversal, we need address only one.

The decree of dissolution, issued on October 13, 1981, granted Mr. Swartzel custody of the parties' four minor children. Appellant was given visitation at all reasonable times, subject to the proviso that she not take the children outside the court's jurisdiction without the prior written consent of Mr. Swartzel.

In June of 1984, subsequent to an automobile accident involving the parties, the trial court issued an emergency order authorizing appellant to take the children to West Virginia for approximately three weeks. During such visitation the children were required to contact their father or grandmother at least once every three days. The court noted that since the original decree, appellant had moved from a religious commune to a trailer, she had not

attempted to kidnap the children, and the Parental Kidnapping Prevention Act[1] had been passed.

On October 22, 1984, appellant filed the petition to modify which forms the basis of this appeal. She requested visitation for eight weeks during the summer and at other reasonable times, as well as authority to remove the children from Indiana for such visitation. After a hearing on the motion, the trial court denied her request.

Since appellant failed to meet her burden of proof at trial, she is appealing a negative judgment and may prevail only by establishing that the trial court's decision is contrary to law. *McCurdy v. McCurdy* (1977), 173 Ind.App. 437, 363 N.E.2d 1298. In determining whether a judgment is contrary to law, we may neither weigh the evidence nor assess the credibility of witnesses. We may disturb the trial court's judgment only if the evidence leads to but one conclusion which is opposite the one reached by the trial court. *Id.*

IND.CODE 31–1–11.5–24 governs the visitation rights of a noncustodial parent. That section provides:

(a) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation by the parent might endanger the child's physical health or significantly impair his emotional development.

(b) The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation might endanger the child's physical health or significantly impair his emotional development.

In addition to establishing that modification would be in the best interests of the child, a party proceeding under subsection (b) must show some change in circumstance since the original decree. *State ex rel. Jemiolo v. La Porte Circuit Court* (1982), Ind., 442 N.E.2d 1060. After hearing the evidence in this case, the trial court concluded that there had been "some changes in circumstances since the original Decree of Dissolution ... but that the changes shown were not so substantial and continuing as to make the existing custody order unreasonable."[2]

It is beyond dispute that appellant's circumstances have changed since the original order regarding visitation. At that time she lived and ate all her meals in a religious commune in West Virginia. She now resides in a three bedroom house several miles from the commune with a new husband and infant son. The record reveals that appellant's home is clean, adequately furnished and otherwise physically suitable for visitation. It is difficult to envision a way in which appellant could have better improved her living conditions, short of moving back to Indiana, to facilitate visitation with her children. In short, the conditions which apparently led the court to restrict visitation originally no longer exist.

The question remains, however, whether it is in the best interests of the children to modify the original order regarding visitation. In *State v. Starke Circuit Court* (1958), 238 Ind. 204, 149 N.E.2d 541, our supreme court noted a child's need for companionship with both its parents.

Admittedly, in all such cases the welfare of the child must receive first considera-

---

**1.** 28 U.S.C. § 1738A. The broad objective of the Act is to prevent parental kidnapping in custody disputes by establishing uniform rules to discourage noncustodial parents from taking their children to another forum in hopes of obtaining a more favorable custody determination. *Hooks v. Hooks* (6th Cir.1985), 771 F.2d 935, 941–42 n. 6.

**2.** R. at 59. While neither party addresses the relevancy of this finding, we note that a *sub-*

*stantial* and continuing change in circumstance is a prerequisite to a modification of custody. It is not, however, necessary for a modification of visitation, where the petitioner need only show *some* change in circumstance such that modification is in the best interests of the children. *Compare* IC 31–1–11.5–22(d) *with* IC 31–1–11.5–24(b) and *K.B. v. S.B.* (1981), Ind.App., 415 N.E.2d 749.

tion by the court, and this is true even though its parents are unreasonable, recalcitrant or even contemptuous of the court in regard to their behavior toward each other. However, the welfare of a child not only requires that it be supported; a child also needs the affection and companionship of both its parents insofar as their unnatural position makes this possible. Therefore, the visiting privileges with the father as decreed by the court are a matter of proper care and custody with which relator was charged. Furthermore, in this case both parents, whether it be the mother charged with the responsibility of the care and custody or the father charged with the financial support of the child, are thereby as a matter of equity and fair dealing entitled to share in the affection and companionship of the child, as circumstances permit. These considerations are inseparably related to the welfare of the child and the reciprocal equities between the parties.

*Id.* at 543–44.

In this case, the reality of the restriction requiring appellant to find a location for visitation in Indiana is that her ability to see her children is severely curtailed. The opportunity for companionship between mother and child is made impractical. Appellant will be forced to visit her children as she did in the summer of 1983, in the unfamiliar atmosphere of a state inn or motel in Indiana, rather than in the comfort of the familial home.

Yet the record reveals that the children have benefitted by visiting their mother in her home. Mrs. Schneider, the children's grandmother, testified that the children were healthy, happy and without complaint when they returned from their visit to West Virginia in the summer of 1984. Mr. Swartzel agreed that the children had a good time during their visit with their mother, although they thought three weeks was a long time to be away from home. The record contains no evidence to support a conclusion that appellant and her children should forego the mutual benefit to be derived from favorable and realistic visitation provisions.

The thrust of Mr. Swartzel's argument to the contrary seems to be that during visitation appellant may attempt to enroll the children in a religious indoctrination camp or otherwise attempt to convert them to a faith different from that of Mr. Swartzel. The record does suggest that appellant is unaware of the fact that as a noncustodial parent she may not direct the religious upbringing of the children. IC 31-1-11.5-21(b) provides:

(b) Except as otherwise agreed by the parties in writing at the time of the custody order, *the custodian may determine the child's upbringing, including his* education, health care, and *religious training,* unless the court finds, after motion by a noncustodial parent, that in the absence of a specific limitation of the custodian's authority, the child's physical health would be endangered or his emotional development significantly impaired. (emphasis added.)

During her visits with her children, therefore, appellant must not attempt to usurp Mr. Swartzel's right, as the custodial parent, to determine the appropriate religious education for the children. Thus, while appellant may, of course, discuss her religious beliefs with her children if she wishes, she may not enroll them in a camp or school designed to indoctrinate them into her particular faith without the express permission of Mr. Swartzel.

We, therefore, direct the trial court to modify the dissolution decree to allow appellant to take the children to her home for visitation. In so doing, the trial court should specify the time and length of such visitations according to the best interests of the children. The court should also advise appellant of the limitations of her responsibility as a noncustodial parent.

Reversed and remanded.

MILLER, J., concurs.

CONOVER, J., concurs.